**Alejandro BARRAGAN–VERDUZCO and Rosa Salazar de Barragan, Petitioners,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 84–2594.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1985.

Decided Nov. 19, 1985.

Joseph R. Dierkes, St. Louis, Mo., for petitioners.

Eileen A. Carty, Washington, D.C., for respondent.

---

* The HONORABLE OREN HARRIS, Senior United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and NICHOL,\* Senior District Judge.

BRIGHT, Senior Circuit Judge.

Alejandro Barragan-Verduzco and Rosa Salazar de Barragan petition for review of a Board of Immigration decision affirming an immigration judge's denial of their applications for suspension of deportation under 8 U.S.C. § 1254(a)(1) (1982). Petitioners argue that the immigration judge and the Board of Immigration Appeals (BIA) abused their discretion in concluding that the petitioners failed to show that extreme hardship would result to themselves or their children if the petitioners were deported. We reject petitioners' claims and affirm.

## I. BACKGROUND.

Petitioners, a married couple, are natives and citizens of Mexico. They illegally entered the United States in 1977, and have resided in the United States since that time. Both parties were employed in the United States, and established themselves as industrious workers, persons of good moral character, and regular churchgoers.

The petitioners had three children in the United States, who were born in 1978, 1979, and 1980. The children are United States citizens by virtue of their birth in this country.

In 1984, the Immigration and Naturalization Service instituted deportation proceedings against petitioners. The petitioners conceded deportability, but filed applications for suspension of deportation. After a hearing, the immigration judge denied the petitioners' applications in an oral decision, and the BIA affirmed. The petitioners seek review of the final order denying their applications pursuant to 8 U.S.C. § 1105a (1982).

## II. DISCUSSION.

Under 8 U.S.C. § 1254(a), the Attorney General has the discretion to suspend the deportation of any alien that meets certain statutory prerequisites. To be eligible for suspension under this statute, the petitioners were required to prove that (1) they were physically present in the United States for seven continuous years immediately preceding their suspension applications; (2) they exhibited good moral character during those years; and (3) their deportation would cause them or their citizen children extreme hardship. *Id.* at § 1254(a)(1).

The immigration judge, acting as the delegatee of the Attorney General's discretion, 8 C.F.R. § 242.8 (1985), held that the petitioners met the requirements of physical presence and good moral character. The judge found, however, that the petitioners did not prove that their deportation would cause the extreme hardship contemplated by section 1254(a)(1). The judge consequently held that the petitioners were not statutorily eligible for discretionary suspension of deportation. The BIA affirmed on appeal.

■ We review the decision of the immigration judge and the BIA to deny the petitioners' suspension applications under the limited "abuse of discretion" standard. *Immigration & Naturalization Service v. Wang,* 450 U.S. 139, 145, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981); *see also Immigration & Naturalization Service v. Rios-Pineda,* —— U.S. ——, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985). An abuse of discretion is shown where the agency determination fails to consider all the factors that the petitioners present as constituting extreme hardship under section 1254(a)(1). *Zavala-Bonilla v. Immigration & Naturalization Service,* 730 F.2d 562, 567 (9th Cir.1984); *see Carrete-Michel v. Immigration & Naturalization Service,* 749 F.2d 490, 493 (8th Cir.1984). Moreover, "[w]hen important aspects of the individual claim are distorted or disregarded, denial of relief is arbitrary." *Santana-Figueroa v. Immigra-*

---

\* The HONORABLE FRED J. NICHOL, Senior United States District Judge for the District of South Dakota, sitting by designation.

*tion & Naturalization Service,* 644 F.2d 1354, 1356 (9th Cir.1981) (footnote omitted).

■ The petitioners claim that the immigration judge and the BIA violated the above standard by concluding that the petitioners claimed only that economic hardship would follow their deportation. They argue that the immigration judge and the BIA failed to consider the extreme non-economic hardship that the petitioners' children would suffer through the reduced dietary, medical, and educational standards existent in Mexico. Additionally, the petitioners contend that the judge and the BIA failed to address the disruption that the entire family would endure through forced relocation away from their established social and religious community. Finally, they assert that neither the immigration judge nor the BIA took into account the cumulative effect of all the alleged hardship factors, but examined only a few in isolation.

We disagree with the petitioners' contentions. The immigration judge did state that the harm that the petitioners would suffer through deportation "apparently would be economic as such." The judge's decision, however, does not concentrate on the economic harm to the exclusion of the non-economic hardships that the petitioners alleged would follow deportation. On the contrary, the judge expressly noted in his oral decision that the petitioners were claiming that Mexico's educational and dietary conditions would result in extreme hardship to the petitioners' children. The judge also observed that he was taking the children's health and the family's position in the community into consideration in making his decision. The judge further commented on the disruption that the petitioners' family would face if deported, observing that "[m]ost people who return to their native countries after living in the United States go through some sort of transition period. This family too will have to go through a transition period."

The immigration judge therefore considered every hardship factor alleged by the petitioners. Moreover, the judge's opinion, read in its entirety, indicates that the judge considered the cumulative effect of these factors, as well as other evidence mitigating against the hardship that the petitioners claimed. On the basis of his considerations, the judge concluded that

[u]nfortunately, this Court * * * must agree with the trial attorney in his summation that the respondent's [sic] have not [met] their burden as contemplated by [section 1254(a)(1)] for extreme hardship. Reluctantly this Court finds that the * * * burden has not been established by the respondents; and therefore, they have failed to establish either to themselves or to their citizen children that they would have infact [sic] extreme hardship.

On review, the BIA essentially disposed of the petitioners' appeal with two short statements: "Economic hardship alone is not enough to establish extreme hardship. * * * Further, the courts have consistently held that the mere existence of a citizen child, especially one with no health problems, is insufficient to establish hardship." (Citations omitted.) Notwithstanding this cursory statement on review, the entire proceedings adequately reflect proper consideration of petitioners' claims. Because the immigration judge considered all the petitioners' contentions, in isolation and cumulatively, we cannot conclude that the decision to deny petitioners' suspension applications was an abuse of discretion. The judge had " * * * no duty to write an exegesis on every contention," but was only required to " * * * consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Osuchukwu v. Immigration & Naturalization Service,* 744 F.2d 1136, 1142–43 (5th Cir.1984) (discussing duties of BIA). We therefore affirm the denial of the petitioners' applications for suspension of deportation.

## III. CONCLUSION.

We affirm the decision of the BIA denying the petitioners' applications for suspen-

sion of deportation. We also reinstate the BIA's grant of a period of time in which the petitioners can voluntarily depart the United States without deportation. *See De Reynoso v. Immigration & Naturalization Service*, 627 F.2d 958, 960 (9th Cir. 1980). The petitioners have ninety days from the filing of this opinion in which to voluntarily depart.