**Kurt F. PERWOLF, et al., Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 85–1100.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1985.

Decided Dec. 23, 1985.

Kathy Woodward Goss, Little Rock, Ark., for petitioners.

James A. Hunolt, Washington, D.C., for respondent.

Before HEANEY, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

Kurt F. Perwolf and Hilda M. Perwolf appeal from the Immigration and Naturali-

zation Service's (INS) denial of their motion to reopen deportation proceedings. We affirm.

The Perwolfs are natives of Austria and initially entered the United States in 1977 on travel visas. After the Perwolfs stayed past their authorized visa periods, the INS instituted deportation proceedings against them. The immigration judge granted the Perwolfs a voluntary departure in lieu of deportation. The Perwolfs' departure date, however, was postponed several times pending congressional action on private immigration bills that were introduced on their behalf.

On February 28, 1983, warrants of deportation were issued against the Perwolfs. The Perwolfs then moved to reopen their case to apply for asylum and adjustment of status to nonpreference business investors and lawful permanent residents. The immigration judge denied the motion and the Board of Immigration Appeals (Board) dismissed the Perwolfs' appeal from that decision. This court affirmed the Board's decision. *Perwolf v. INS*, 741 F.2d 1109, 1112 (8th Cir.1984). The Perwolfs then filed the present motion seeking to reopen deportation proceedings to apply for suspension of deportation under 8 U.S.C. § 1254(a)(1).

▮ The Perwolfs initially claim that the Board lacked jurisdiction to review the Perwolfs' motion to reopen, because the Board has never rendered a decision on the merits of their case. We disagree. The Board may "reopen or reconsider a case in which it has rendered a decision." 8 C.F.R. § 3.2. Contrary to the Perwolfs' contention, the Board was the last administrative authority to render a decision in this case. The Board made a decision in this case when it considered the merits of the Perwolfs' first motion to reopen and dismissed the appeal. Thus we find that the Board properly exercised its jurisdiction in considering the Perwolfs' present motion to reopen.

▮ The only issue left for our determination, then, is whether the Board has abused its discretion in refusing to reopen the Perwolfs' deportation proceedings.

*INS v. Rios-Pineda,* —— U.S. ——, 105 S.Ct. 2098, 2101, 85 L.Ed.2d 452 (1985). "An abuse of discretion is shown where the agency determination fails to consider all the factors that the petitioners present as constituting extreme hardship under section 1254(a)(1)." *Barragan-Verduzco v. INS,* 777 F.2d 424, 425 (8th Cir.1985).

Under section 1254(a)(1), an alien meets the statutory requirements for suspension of deportation if the alien "has been physically present in the United States for a continuous period of not less than seven years," is of "good moral character," and, "in the opinion of the Attorney General," deportation would result in extreme hardship to the alien.

In support of their motion, the Perwolfs submitted affidavits and other documents to show that they have been in the United States for at least seven years, that they are of good moral character, and that deportation would cause extreme hardship. The Perwolfs claim that these documents set forth a prima facie case of eligibility for suspension of deportation.

"[E]ven assuming that [the Perwolfs'] motion to reopen made out a prima facie case of eligibility for suspension of deportation, the Attorney General had discretion to deny the motion to reopen." *Rios-Pineda,* 105 S.Ct. at 2102. We are satisfied that the Board carefully reviewed the materials submitted by the Perwolfs in considering and rejecting their motion. "This case, therefore, does not involve the unreasoned or arbitrary exercise of discretion." *Rios-Pineda,* 105 S.Ct. at 2103.

In its decision, the Board found that the medical evidence did not present a prima facie case of extreme hardship and that the Perwolfs' fear of prosecution in Austria was "frivolous and submitted solely for purposes of delay." The Board noted that the Perwolfs had one relative, a granddaughter, lawfully residing in the United States. Finally, the Board concluded that the "only hardship shown by the [Perwolfs] is the ordinary hardship involved in any family's return to its native country, where a lower economic standard may result."

We conclude that the Board has not abused its discretion in denying the Perwolfs' motion. Accordingly, we affirm the Board's decision.