966 F.2d 1458
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Felimon DeANDA-GARCIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-3803.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 25, 1992.
Filed: June 29, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Felimon DeAnda-Garcia appeals from the dismissal by the Board of Immigration Appeals (BIA) of his appeal from a decision by the Immigration Judge (IJ) finding that he was deportable and not entitled to waiver or suspension of deportation. We affirm.
 
 
 2
 In 1979 DeAnda-Garcia, then an illegal alien, married his first wife, Vickie Jo, who was a U.S. citizen. As a result of this marriage, DeAnda-Garcia was issued an immigrant visa and admitted for permanent residence. Shortly thereafter, Vickie Jo was murdered by an unknown assailant.
 
 
 3
 In February 1984, the Immigration and Naturalization Service (INS) issued an order to show cause why DeAnda-Garcia should not be deported. The INS alleged that DeAnda-Garcia's marriage to Vickie Jo was a sham entered into for the purpose of evading immigration laws; his visa was secured by fraud; and he had intended to remain permanently and had not been in possession of a valid immigrant visa, other entry document, or a labor certificate issued by the Secretary of Labor at the time he entered the country.
 
 
 4
 DeAnda-Garcia asserted that he was not deportable because the marriage had been bona fide. He also sought three forms of discretionary relief: (1) a waiver of deportation under section 241(f) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1251(f) (1988) (repealed 1990),[1] because of his status as a spouse and parent of U.S. citizens;[2] (2) suspension of deportation under section 244(a)(1) of the Act, 8 U.S.C. § 1254(a)(1) (1988), because he had been in the United States in excess of seven years continuously, he was a person of good moral character during that time, and his deportation would result in extreme hardship to his wife and child; and (3) voluntary departure under section 244(e) of the Act, 8 U.S.C. § 1254(e) (1988), because he had been a person of good moral character for at least five years.
 
 
 5
 After hearing testimony and receiving evidence at deportation hearings in 1989, the IJ found that the marriage to Vickie Jo was a sham, the evidence was clear, convincing, and unequivocal that DeAnda-Garcia had obtained his immigrant visa by fraud, and DeAnda-Garcia was deportable. The IJ denied DeAnda-Garcia's request for a waiver of deportation under section 241(f). The IJ held that, although DeAnda-Garcia was statutorily eligible for this relief, he did not merit a waiver. The IJ also denied DeAnda-Garcia's request for suspension of deportation under section 244(a)(1). The IJ found that DeAnda-Garcia was ineligible for this relief because he had not demonstrated extreme hardship or good moral character over the past seven years as the statute requires. The IJ granted, however, DeAnda-Garcia's request for voluntary departure. DeAnda-Garcia appealed to the BIA.
 
 
 6
 The BIA dismissed the appeal, finding that the INS had demonstrated that the marriage was a sham by clear, convincing, and unequivocal evidence. The BIA held that, although DeAnda-Garcia was statutorily eligible for section 241(f) relief, in weighing the positive and negative factors, it believed that he did not merit a favorable exercise of discretion. The BIA also found that the IJ had properly denied section 244(a)(1) relief because DeAnda-Garcia had not demonstrated extreme hardship.
 
 
 7
 On appeal DeAnda-Garcia concedes that his first marriage was a sham and does not contest his deportability. DeAnda-Garcia argues, however, that the BIA abused its discretion in denying waiver or suspension of deportability.
 
 
 8
 "The forgiveness provision under section 241(f)(1) was formerly mandatory, but was amended in 1981 to allow the Attorney General discretion to grant the available relief. The BIA's denial is therefore reviewed for an abuse of discretion." Hernandez-Robledo v. INS, 777 F.2d 536, 540 (9th Cir. 1985) (footnote omitted). We conclude that the BIA did not abuse its discretion in denying DeAnda-Garcia's request for this relief. The BIA carefully weighed the negative factors (the continued denial of the fraud at the deportation hearings, his three arrests for driving while intoxicated-one of which resulted in a conviction, and his conviction for transporting illegal aliens) against the positive factors (his marriage to and fathering of U.S. citizens, his home ownership, his extensive family ties in the United States, his consistent employment history, his repayment of welfare benefits, and his payment of taxes), and opted not to favorably exercise its discretion. Its decision was a rational one.
 
 
 9
 We also review the denial of DeAnda-Garcia's request for suspension of deportability under section 244(a)(1) for abuse of discretion. See Barragan-Verduzco v. INS, 777 F.2d 424, 425 (8th Cir. 1985). "An abuse of discretion is shown where the agency determination fails to consider all the factors that the petitioners present as constituting extreme hardship under section [244(a)(1) ]." Id. "The BIA may construe extreme hardship narrowly." Carrete-Michel v. INS, 749 F.2d 490, 493 (8th Cir. 1984). We conclude that the BIA did not abuse its discretion in finding DeAnda-Garcia ineligible for this relief because of a lack of extreme hardship. The BIA found that DeAnda-Garcia was healthy, had a job skill that was transferable to Mexico, had worked in and spent most of his life in Mexico, and spoke Spanish. The BIA acknowledged that Helen and the children are U.S. citizens,[3] but noted that Helen had known at the time of the marriage that deportation proceedings were underway. The BIA also found that the children were young and adaptable. The BIA acted within its discretion in doing so.
 
 
 10
 We reject DeAnda-Garcia's remaining arguments as meritless.
 
 
 11
 Accordingly, we affirm.
 
 
 
 [1]
 The current version of this section may be found at 8 U.S.C. § 1251(a)(1)(H) (Supp. II 1991)
 
 
 [2]
 DeAnda-Garcia married another U.S. citizen, Helen, in 1985, and fathered Alejandro, a son who is a U. S. citizen, in 1986
 
 
 [3]
 DeAnda-Garcia fathered a second son who is a U.S. citizen, Rene, in 1989