978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Rory Balwant PERSAUD, Petitioner,
v.
IMMIGRATION and NATURALIZATION SERVICE; United States of
America; Carl I. Houseman, District Director,
INS; William P. Barr, Attorney General
of the United States of
America, Respondents.
 No. 92-1605.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 4, 1992.
Filed: November 3, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rory Balwant Persaud petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the decision by the Immigration Judge (IJ) finding that he was not entitled to suspension of deportation. We affirm.
 
 
 2
 Persaud, a citizen of Guyana, illegally entered the United States without inspection on November 23, 1979. In February 1980, the Immigration and Naturalization Service (INS) issued an order to Persaud to show cause why he should not be deported for entering the country without proper documentation. At a deportation hearing, Persaud conceded that he was deportable. Persaud unsuccessfully sought different forms of discretionary relief from deportation on a number of occasions.
 
 
 3
 Persaud subsequently filed a motion to reopen the deportation proceedings to consider his request for suspension of deportation.[1] At an April 1989 reopened deportation hearing, Persaud testified regarding his educational background, his employment history, his living arrangements, and his close relationships with his sisters and their families in the United States. He also testified that he believed he would be unable to find work in Guyana because of the high inflation and unemployment rates there.
 
 
 4
 The IJ denied the application for suspension of deportation in an oral decision, finding that, although Persaud met the continuous physical presence and good moral character requirements, he did not meet the extreme hardship requirement. The IJ held that mere financial hardship (i.e., the poor economy in Guyana and the lesser standard of living), did not amount to extreme hardship under the statute. The IJ held that, although separating Persaud from his relatives would pose a hardship, it would not rise to the level of extreme hardship. The IJ further found that Persaud did not merit relief as a matter of discretion. The IJ granted Persaud voluntary departure. Persaud appealed the IJ's decision to the BIA.
 
 
 5
 The BIA dismissed Persaud's appeal, finding that he had not demonstrated that he would suffer extreme hardship if deported. The BIA noted that economic hardship in an alien's homeland does not justify a grant of relief unless other factors (such as advanced age, illness, or family ties) combine with the economic detriments to constitute extreme hardship. The BIA found that Persaud was young, healthy, educated, had work experience, and had not shown that he would be unable to obtain employment in Guyana. The BIA also held that separating Persaud from his relatives would not constitute extreme hardship. Because the BIA found Persaud to be statutorily ineligible for suspension of deportation, it did not consider whether he merited the relief as a matter of discretion. The BIA granted Persaud voluntary departure.
 
 
 6
 We review the denial of Persaud's request for suspension of deportation for abuse of discretion. See Barragan-Verduzco v. INS, 777 F.2d 424, 425 (8th Cir. 1985). "An abuse of discretion is shown where the agency determination fails to consider all the factors that the petitioners present as constituting extreme hardship under section 1254(a)(1)." Id. "The BIA may construe extreme hardship narrowly." Carrete-Michel v. INS, 749 F.2d 490, 493 (8th Cir. 1984).
 
 
 7
 We conclude that the BIA did not abuse its discretion in finding Persaud ineligible under the statute for suspension of deportation because of a lack of extreme hardship. Persaud is single and has no children. The BIA noted that Persaud was young, healthy, and had work experience. Persaud submitted no evidence to support his conclusory testimony that he would be unable to find work in Guyana. The BIA did not err in finding that separating Persaud from his relatives, which will undoubtedly pose some emotional hardship, will not amount to extreme hardship.
 
 
 8
 We affirm the decision of the BIA denying Persaud's application for suspension of deportation. We reinstate the BIA's grant of thirty days in which Persaud may voluntarily depart the United States. This thirty-day period will commence to run upon the issuance of our mandate in this case.
 
 
 
 [1]
 The Attorney General may, in his discretion, suspend deportation for an alien who:
 has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.
 8 U.S.C. § 1254(a)(1).