994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Elsie Marie MAYARD, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE; Carl I. Houseman,
District Director of the United States Immigration
and Naturalization Service, St. Paul,
Minnesota, Respondents.
 No. 92-3699.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 21, 1993.
Filed: June 1, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Elsie Marie Mayard petitions for review of the Board of Immigration Appeals' (BIA) denial of her motion to reopen her deportation proceedings. We affirm.
 
 
 2
 Mayard, a Haitian citizen, entered the United States in 1984 as a visitor. After she overstayed the authorized time for her visit, the Immigration and Naturalization Service (INS) ordered her to show cause why she should not be deported. At deportation proceedings in 1987-88, Mayard conceded that she was deportable, but requested withholding of deportation, political asylum, or voluntary departure. The Immigration Judge (IJ) permitted Mayard to voluntarily depart, but denied the other forms of relief. Mayard appealed to the BIA, which dismissed her appeal in July 1991, but reinstated voluntary departure. Mayard did not depart the country, and she did not appeal the BIA's decision to this Court.
 
 
 3
 In July 1992, Mayard moved the BIA to reopen her deportation proceedings and to remand her case to the IJ so that she could apply for suspension of deportation, another form of relief. The BIA denied the motion to reopen, holding that Mayard had not established that she was prima facie eligible for suspension of deportation because she had not shown that she or her children (who are United States citizens) would experience extreme hardship if she were deported. The BIA alternatively denied the motion as a matter of discretion.
 
 
 4
 We review the BIA's refusal to reopen an alien's deportation proceedings for abuse of discretion. See Perwolf v. INS, 783 F.2d 112, 113 (8th Cir. 1985) (per curiam). We conclude that the BIA did not abuse its discretion in this instance. We note that "[t]he BIA may construe extreme hardship narrowly." Carrete-Michel v. INS, 749 F.2d 490, 493 (8th Cir. 1984). The only evidence Mayard submitted to support her claim of extreme hardship was copies of her children's birth certificates, copies of the lease and license for her retail business, a copy of the deed for her home, and copies of articles from various newspapers and periodicals describing the conditions in Haiti. Mayard made no effort to show how these conditions would affect her and her children more harshly than any other resident of Haiti, and she asserted no unique disadvantage such as illness or advanced age.
 
 
 5
 Because we agree with the BIA's first ground for denying the motion to reopen, we need not consider its alternate ground. We deny Mayard's motion to strike the INS's brief.
 
 
 6
 Accordingly, we affirm the decision of the BIA.