_____

No. 95-2305
_____

Olumide Tunji Oyelowo,           *
                                 *
          Petitioner,            *
                                 * Petition for Review of
     v.                          * an Order of the Immigration
                                 * and Naturalization Service.
Immigration and Naturalization   *        [UNPUBLISHED]
Service,                         *
                                 *
          Respondent.            *

_____

Submitted:  December 29, 1995

Filed:  January 8, 1996
_____

Before WOLLMAN, MAGILL, AND HANSEN, Circuit Judges.
_____

PER CURIAM.


    Olumide Tunji Oyelowo appeals from the Board of Immigration
Appeals' (BIA) denial of his application for suspension of
deportation.  We affirm.


    Oyelowo entered the United States from Nigeria as a
non-immigrant student in April 1984.  In October 1991, the
Immigration and Naturalization Service (INS) issued an order
requiring Oyelowo to show cause as to why he should not be deported
for failing to maintain his status.  Oyelowo conceded
deportability, but filed an application for suspension of
deportation, arguing that deportation would result in extreme
hardship to his citizen daughter.


    The immigration judge (IJ) denied Oyelowo's application,
concluding that Oyelowo met the continuous physical presence and

good moral character requirements for suspension, but deciding that Oyelowo failed to show his deportation would be an extreme hardship for either him or his daughter. The IJ noted that Oyelowo's concerns about returning to Nigeria were economic in nature and therefore would not amount to eligibility for suspension absent some other factor. As for Oyelowo's daughter, the IJ determined that Oyelowo had a nominal relationship with his daughter; he was in arrears on child support, and was rarely able to see the child. The BIA dismissed Oyelowo's appeal of the IJ's decision.

We review a denial of an application for suspension of deportation for abuse of discretion. Barragan-Verduzco v. INS, 777 F.2d. 424, 425-26 (8th Cir. 1985). In order to be eligible for suspension of deportation, Oyelowo had to prove, inter alia, that deportation would cause himself or his citizen daughter extreme hardship. See 8 U.S.C. § 1254(a)(1). The BIA may construe "extreme hardship" narrowly. Miranda v. INS, 51 F.3d 767, 769-70 (8th Cir. 1995). We find the BIA correctly determined that Oyelowo's economic concerns were insufficient for purposes of suspending deportation. See Perwolf v. INS, 783 F.2d 112, 113-14 (8th Cir. 1985) (no extreme hardship where return to native country results in lower economic standard); Carrete-Michel v. INS, 749 F.2d 490, 493 (8th Cir. 1984) (mere economic hardship does not constitute extreme hardship).

As for Oyelowo's hardship contention concerning his daughter, we find the BIA did not abuse its discretion in deciding that Oyelowo's separation from his daughter would not constitute extreme hardship for either of them. See Salas-Velazquez v. INS, 34 F.3d 705, 709 (8th Cir. 1994) (BIA had discretion to decide deportee's separation from citizen wife and child not extreme hardship). The BIA's determination that Oyelowo was not close to his daughter was supported by Oyelowo's extended absence from his daughter's life and his consistent failure to pay his child support obligations.

-2-

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.