United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2214

_____

Carmen Vallejos-Miranda; Astrid     *
Carolina Schaffer, formerly     *
known as Astrid Carolina Amaya-     *
Vallejos,     *
    *
         Petitioners,     *   Petition for Review of an
    *   Order of the Immigration
     v.     *   and Naturalization Service.
    *
Immigration and Naturalization Service,   *      [UNPUBLISHED]
    *
         Respondent.     *

_____

Submitted: December 3, 1997
Filed: December 16, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.


Carmen Vallejos-Miranda and Astrid Carolina Amaya-Vallejos,[1] mother and
daughter who are citizens of El Salvador, entered the United States on non-immigrant
visas. Astrid entered in November 1989 and Carmen in May 1990. In 1994, the

_____

[1]For ease of reference, the appellants have been referred to by their first names.

Immigration and Naturalization Service (INS) ordered them to show cause why they should not be deported. Following a hearing, the Immigration Judge (IJ) found deportability had been established, and after a subsequent hearing, denied Carmen and Astrid's applications for asylum and withholding of deportation, and ordered them to voluntarily depart. The Board of Immigration Appeals (BIA) dismissed their appeal from the IJ's order, adopting the reasoning of the IJ, and Carmen and Astrid now petition for review. They maintain the denial was arbitrary, capricious, and unsupported by sufficient reasons. Reviewing the BIA's factual findings underlying its refusal to grant asylum under the substantial-evidence standard, see Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997), we deny Carmen and Astrid's petition.

The Attorney General has discretion to grant asylum to a "refugee." See 8 U.S.C.A. § 1158(b)(1) (West Supp. 1997). A refugee is an alien who is unwilling to return to his or her home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1997).

Carmen presented evidence that she had been the personal secretary for a former president of El Salvador, now deceased; although she had been required to keep governmental secrets, she had never spoken out on behalf of a political candidate. In October 1988, through an anonymous telephone call taken by Astrid, Carmen was directed to a demand note threatening that her daughters would be kidnapped if she did not pay a specific sum of money. The note contained statements that Carmen possessed a "great amount of cash" and had "big businesses here and out of the country." Carmen later found a picture of a skeleton with the words "danger, death is close" under the front door of her home. Shortly thereafter, Carmen sent her daughters, including Astrid, to the United States. Although the note had been signed by a guerrilla group, and the government and police had investigated, the actual perpetrator was never identified.

Astrid returned to El Salvador in spring of 1989. In July 1989, she and Carmen traveled to the United States to visit Astrid's sister, returning to El Salvador the next month. In November, Astrid again entered the United States and has remained here since then. No further threats were made during the trips to El Salvador, but Astrid testified that she fears returning there because she is afraid of being killed, it is hard to find a job there, and she and her American boyfriend are getting engaged. Carmen contended it was dangerous to return to El Salvador because she had been unable to determine who made the threats, and she believed armed groups were committing murders and kidnappings.

We agree with the BIA that Carmen and Astrid did not show any connection between the threats they experienced and their political opinions. See Ghasemimehr v. INS, 7 F.3d 1389, 1390 (8th Cir. 1993) (per curiam) (noting that alien seeking asylum must show persecution or feared persecution is based on one of five grounds found in § 1101(a)(42)(A)). As to their alleged fear of future persecution, Carmen and Astrid had to show their fear was "both subjectively genuine and objectively reasonable." Id. To overcome the BIA's finding that Carmen and Astrid lacked a well-founded fear, they must show their evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Feleke, 118 F.3d at 598.

After carefully reviewing the evidence, we conclude a reasonable fact finder could find Carmen and Astrid's fear of persecution was not objectively reasonable. Carmen conceded that she did not openly express any political opinion in El Salvador, the threats made no mention of Carmen's political affiliation, Carmen and Astrid's subsequent travel between the United States and El Salvador is inconsistent with their claimed fear, and they suffered no further threats during these subsequent stays in El Salvador. Because substantial evidence supports the denial of asylum, we also affirm the BIA's withholding of deportation. See Behzadpour v. United States, 946 F.2d

1351, 1354 (8th Cir. 1991) (finding that, when applicant is not eligible for asylum, he or she is necessarily not entitled to have deportation withheld).

Finally, we conclude the BIA adequately discussed the evidence and the reasons for the denial of relief.  See Miranda v. INS, 51 F.3d 767, 769 (8th Cir. 1995) (per curiam); Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir. 1995).

Accordingly, we deny the appellants' petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.