# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3309

_____

| | |
|---|---|
| Martha Wondimu Alemu, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of an |
| v. | * Order of the Board of |
| | * Immigration Appeals. |
| Michael B. Mukasey, Attorney | * |
| General of the United States, | * |
| | * |
| Respondent. | * |

_____

Submitted: November 12, 2007
Filed: December 11, 2007

_____

Before WOLLMAN, JOHN R. GIBSON, and BENTON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Martha Wondimu Alemu, a native and citizen of Ethiopia, seeks review of an order of the Board of Immigration Appeals denying her motion to reopen her removal proceedings. Alemu contends that an academic article concerning the effect of torture on members of her Oromo ethnic group demonstrates changed country conditions in Ethiopia, which would support granting an out-of-time motion to reopen. We deny the petition for review.

Alemu was admitted to this country as a non-immigrant visitor for pleasure on October 6, 1999. After she failed to leave by the prescribed date of April 5, 2000, the

Immigration and Naturalization Service issued a Notice to Appear on August 22, 2000, alleging that she was removable. She responded by applying for asylum, withholding of removal, and protection under the Convention Against Torture, claiming past persecution, a well-founded fear of future persecution, and the likelihood of torture if she returned to Ethiopia. On December 12, 2001, an Immigration Judge denied her applications for asylum, withholding of removal, and relief under the Convention Against Torture, finding that Alemu's testimony was not credible in key respects. The IJ specifically found that Alemu did not prove that she had been mistreated on account of one of the grounds specified in the statute defining "refugee," 8 U.S.C. § 1101(a)(42)(A), or that she had a well-founded fear of such mistreatment should she return to Ethiopia. Furthermore, because the Convention Against Torture claim was based on the same testimony and evidence, the IJ found that Alemu had not shown that it was more likely than not that she would be tortured if she returned to Ethiopia. The BIA affirmed summarily on September 11, 2003, and this court denied review on April 8, 2005, Alemu v. Gonzales, 403 F.3d 572, 576 (8th Cir. 2005) (holding that torture claim was based on same testimony as asylum and withholding claims).

Thereafter, on June 21, 2005, Alemu filed a motion to reopen alleging that an academic article, James M. Jaranson, et al., Somali and Oromo Refugees: Correlates of Torture and Trauma History, 94 Am. J. Pub. Health 591 (2004), constituted new evidence that would have altered the outcome of Alemu's case by establishing that she was entitled to relief under the Convention Against Torture. The BIA denied the motion to reopen in a brief per curiam order. The BIA noted that the motion to reopen was filed more than ninety days after the BIA's decision of September 11, 2003, and therefore would be time-barred unless it fell within an exception to the timeliness requirement of 8 C.F.R. § 1003.2(c)(2). Alemu argued that she had evidence of changed conditions in Ethiopia, which would obviate the deadline, see 8 C.F.R. § 1003.2(c)(3)(ii), but the BIA held that the new article did not demonstrate changed country conditions. The BIA specifically held that the evidence was "insufficient to

warrant reopening for consideration of asylum," but the BIA failed to mention the Convention Against Torture. Alemu petitioned for review, but then moved this court to remand the case to the BIA to specifically consider the torture claim, which the BIA seemed to have overlooked. We granted the motion to remand.

The BIA considered the torture claim and denied the motion to reopen for the same reasons stated before, though with an expanded analysis. The academic article offered by Alemu was based on interviews with Somali and Ethiopian Oromo refugees in Minnesota conducted from July 14, 1999 through September 3, 2001. The article noted that many of the refugees had been subjected to torture in Ethiopia, but it did not say when the torture had happened. The BIA held that the article did not reflect a change in country conditions which would justify granting an out-of-time motion to reopen. There was not another basis for granting an out-of-time motion. Furthermore, the article did not go into the circumstances under which the refugees had been tortured, nor did it cover current conditions in Ethiopia, but was a public health study, not a political or news analysis of current conditions in Ethiopia. Consequently, the BIA held that the article would not support the inference that Alemu faced a clear probability of torture should she return to Ethiopia.

Alemu petitions for review, arguing that the BIA ignored evidence that "the atrocities committed against the Oromo people are getting worse."

We review for abuse of discretion the BIA's denial of a motion to reopen. Habchy v. Gonzales, 471 F.3d 858, 861 (8th Cir. 2006); see 8 C.F.R. § 1003.2(a) ("The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."). The Attorney General's discretion in deciding such motions is "broad," since motions to reopen are disfavored because they undermine the government's legitimate interest in finality, which is heightened in removal

-3-

proceedings, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323 (1992).  The BIA abuses its discretion where it gives no rational explanation for its decision; departs from its established policies without explanation; relies on impermissible factors or legal error; or ignores or distorts the record evidence.  See Habchy, 471 F.3d at 861-62; Miranda v. INS, 51 F.3d 767, 768-69 (8th Cir. 1995) (per curiam) (no abuse of discretion where findings were a "reasonable interpretation" of record and did not ignore or distort evidence); Carrete-Michel v. INS, 749 F.2d 490, 493-94 (8th Cir. 1984) (abuse of discretion if decision was "arbitrary, irrational or contrary to law"); Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002); see generally Atchison, Topeka & Santa Fe Ry. Co. v. Wichita Bd. of Trade, 412 U.S. 800, 807-08 (1973) (plurality) (explaining requirement that agency "explain its departure from prior norms"); 8 Charles Gordon, Stanley Mailman, and Stephen Yale-Loehr, Immigration Law & Procedure § 104.09[2][c] (rev. ed. 2007).

Motions to reopen removal proceedings are governed by 8 U.S.C. § 1229a(c)(7) and 8 C.F.R. § 1003.2.  The reopening statute provides that an alien may file one[1] motion to reopen, which must state the new facts that will be proven if the motion is granted and which must be supported with substantiating evidentiary material.  § 1229a(c)(7)(A) & (B).  Such motions must be filed within ninety days of the final administrative order of removal[2] unless the motion falls within an exception to the time limitation.  § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2).  Alemu does not contend that her motion was filed within the ninety-day deadline, but she contends that her motion falls within the exception for motions in asylum and withholding of removal

---

[1]The statute provides one exception to the one motion rule, § 1229a(c)(7)(A), and the regulation provides others, 8 C.F.R. § 1003.2(c)(3).

[2]The deadline runs from the date of the BIA's decision, even though Alemu petitioned this court for review of the BIA's decision.  See Harchenko v. INS, 379 F.3d 405, 409-10 (6th Cir. 2004); 8 U.S.C. § 1101(a)(47)(B) (deportation order becomes final upon affirmance by BIA or expiry of time to seek review by BIA).

-4-

cases "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." § 1229a(c)(7)(C)(ii).

Alemu's argument that the article in the American Journal of Public Health shows that conditions in Ethiopia have worsened since the BIA decided her case has no basis in the article itself. The article is about the health effects of torture, not the current conditions in Ethiopia. The BIA's conclusion that this article did not show changed country conditions was a reasonable interpretation of the record and did not ignore or distort the evidence.

Alemu also argues that the BIA erred in failing to discuss "the support letter the Petitioner submitted from the Oromo community of Minnesota and the Oromo Lutheran church of Minnesota attesting to the changed country condition." Alemu's brief supplies no record citation for these documents and they do not appear as part of the motion to reopen in the administrative record before us. The BIA did not err in failing to take into account evidence that Alemu did not submit to it. We may not consider such evidence in view of the facts that Alemu failed to exhaust her administrative remedies, 8 U.S.C. § 1252(d)(1), and our review is limited to evidence in the administrative record, 8 U.S.C. § 1252(b)(4).

Alemu has not shown that the BIA's denial of her motion to reopen was an abuse of discretion. The petition for review is denied.

_____

-5-