COLLOTON, Circuit Judge,
concurring in part and dissenting in part.
The parties agree that this court should review the decision of the Board of Immigration Appeals (“BIA”) denying Ana Rosa Ochoa’s motion to reopen her removal proceedings. I disagree with the court’s contrary conclusion, and I further conclude that the BIA abused its discretion in denying the motion. Therefore, I would remand the case for further proceedings.[5]
An alien may file one motion to reopen removal proceedings as of right, as long as the motion is filed within ninety days after the date on which the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). We review the BIA’s decision on such a motion under a deferential abuse-of-discretion standard. Kucana v. Holder, — U.S. -, —, 130 S.Ct. 827, 834, — L.Ed.2d -, -(2010). The governing regulations also provide that the BIA “may at any time reopen or reconsider on its own motion any case in which it has rendered a decision.” 8 C.F.R. § 1003.2(a). The decision whether to exercise this sua sponte reopening authority is committed to agency discretion by law within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701(a)(2). Tamenut v. Mukasey, 521 F.3d 1000, 1005 (8th Cir.2008) (en banc) (per curiam).
After the BIA affirmed the decision of an immigration judge denying Ochoa’s request for cancellation of removal, Ochoa filed a motion to reopen alleging ineffective assistance of former counsel. She filed the motion within ninety days of the BIA’s final administrative decision, in accordance with 8 U.S.C. § 1229a(c)(7)(C)(i) and 8 C.F.R. § 1003.2(c)(2). The BIA denied the motion, and Ochoa filed a timely petition for review. See 8 U.S.C. § 1252(b)(1). This court thus has jurisdiction to review the BIA’s denial of Ochoa’s motion to reopen. See 8 U.S.C. § 1252(a)(1); Tame-nut, 521 F.3d at 1003.
The court reasons that the decision is unreviewable because Ochoa’s pleading before the BIA stated that she moved to reopen “pursuant to 8 C.F.R. [§ ] 1003.2(a),” and “requested that the BIA reopen ‘on their own motion.’ ” Ante, at 549. The court evidently concludes that the agency’s only action in response to Ochoa’s motion was a refusal to reopen the case on its own motion, and that this decision is committed to agency discretion under *551 Tamenut. There are several difficulties with this conclusion.
Ochoa’s reference to 8 C.F.R. § 1003.2(a) does not by itself imply a request for the BIA to exercise its authority to reopen sua sponte. As the heading of § 1003.2(a) indicates, the subsection sets forth “[g]eneral” provisions about the filing of motions to reopen, including motions as of right by a party under 8 U.S.C. § 1229a(c)(7) and 8 C.F.R. § 1003.2(c). The regulation does not speak only to action on the BIA’s own motion. For example, § 1003.2(a) provides that “[a] request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the Service, or by the party affected by the decision, must be in the form of a written motion to the Board.” 8 C.F.R. § 1003.2(a) (emphasis added).
It is also not clear from the text of Ochoa’s motion that she sought reopening on the BIA’s own motion. The sentence in the motion to which the court refers is grammatically incoherent: “Respondent requests that the Board of Immigration Appeals (BIA) this case on their own motion to Reopen.” The plural pronoun “their” does not parallel either Ochoa or the BIA, both of which are singular. But even assuming that Ochoa did ask the BIA to reopen on its own motion, her motion did not state that she relied exclusively on this purely discretionary form of relief. An alien may follow a belt-and-suspenders approach, asking the BIA to reopen on the alien’s timely motion and on the BIA’s own motion.
Most important, we review the BIA’s decision, not Ochoa’s motion. The BIA was free to construe Ochoa’s filing as a motion by a party under 8 U.S.C. § 1229a(c)(7), and it is clear that the agency did so. The BIA concluded that Ochoa had “filed a timely motion to reopen,” A.R. 2 (emphasis added), a conclusion that is relevant only to a motion by a party, as there is no time limit on the BIA’s authority to reopen on its own motion. The BIA then analyzed Ochoa’s motion according to the legal standard established in Matter of Coelho, 20 I. & N. Dec. 464 (BIA 1992). Coelho applied the standards of INS v. Doherty, 502 U.S. 314, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992), a decision that concerned a motion to reopen by a party and established that a denial of such a motion is subject to judicial review for abuse of discretion. Id. at 323, 112 S.Ct. 719. There is not even a hint in the BIA’s decision on Ochoa’s motion that it considered whether to exercise its “limited discretionary powers” to reopen cases on its own motion. See In re J-J-, 21 I. & N. Dec. 976, 984 (BIA 1997).
The Attorney General recognizes that the agency’s decision on the motion to reopen is judicially reviewable. The respondent’s brief concedes that we should review the BIA’s decision denying Ochoa’s motion for abuse of discretion. I agree with this submission, and conclude that this court should review the BIA’s denial.
As noted, we review the BIA’s denial of a motion to reopen for abuse of discretion. Motions to reopen are disfavored, because they undermine the government’s legitimate interest in finality, and the Attorney General’s discretion in ruling on the motions is broad. Doherty, 502 U.S. at 323, 112 S.Ct. 719; Alemu v. Mukasey, 509 F.3d 907, 909 (8th Cir.2007). Nonetheless, we will reverse if the BIA fails to give a rational and reasoned explanation for its decision. Alemu, 509 F.3d at 909; Perwolf v. INS, 783 F.2d 112, 113 (8th Cir.1985). The BIA’s cursory decision on Ochoa’s motion cannot withstand even this deferential review.
Ochoa’s motion urged the BIA to reopen her removal proceedings, under the rule *552 established by Matter of Lozada, 19 I. & N. Dee. 637 (BIA 1988), because her former counsel was ineffective in pursuing her application for cancellation of removal. Specifically, Ochoa observed that a successful application for cancellation must demonstrate that removal would “result in exceptional and extremely unusual hardship” to a spouse, parent, or child who is a citizen of the United States or lawful permanent resident. 8 U.S.C. § 1229b(b)(l)(D). Her motion argued that she could have made this showing with respect to her nine-year-old son, who is a United States citizen. But she complained that former counsel failed to obtain evidence about the hardship that removal would cause, and failed to include such evidence in Ochoa’s administrative submissions. The motion to reopen recounted that Ochoa’s son suffered lead poisoning from birth through the age of three, that he is a special education student who is functioning below his grade level, and that Mexico “does not give every child with educational disabilities the services required,” while such services are “mandatory” in the United States.
The BIA, while acknowledging that Ochoa satisfied the procedural requirements of Lozada, answered her argument in two sentences. First, the BIA cited Ochoa’s admission that she did not previously think the lead poisoning issue was necessary to her case, and that she did not say anything to her attorney about it during the removal proceedings. This conclusion, however, is not responsive to Ochoa’s argument that counsel had a professional obligation to inquire about matters that would assist in making a case for cancellation of removal, and that counsel should have elicited the information about lead poisoning from Ochoa. The BIA may or may not believe that counsel had such an obligation, but we do not know, because the BIA never addressed the point.
Second, the BIA observed that the son’s lead levels had diminished, and that his levels were in the normal range at the time of the last reading in 2002. But Ochoa’s contention is not that her son currently suffers from excessive lead levels. Her claim is that he suffered lead poisoning in his early years, and that this poisoning resulted in educational disabilities that are still present. The BIA never addressed whether it believed that differences between special education services available in Mexico and in the United States would amount to “exceptional and extremely unusual hardship” for Ochoa’s son if his mother were removed to Mexico. Thus, we have no decision from the BIA on whether the alleged ineffective assistance of counsel caused actual prejudice in the removal proceedings.
Because the BIA failed to render a reasoned decision on Ochoa’s motion to reopen, I would remand the case for further proceedings with respect to Ochoa’s claim of ineffective assistance of counsel. As there is no constitutional right to effective counsel in removal proceedings, a finding by the BIA that Ochoa established a claim under the standards set forth in Matter of Lozada would require the BIA also to address whether it recognizes a purely administrative right to effective counsel in removal proceedings. See Rafiyev v. Mukasey, 536 F.3d 853, 861 (8th Cir.2008).

. I agree with the court that we lack jurisdiction to review the BIA’s separate order of May 25, 2007. Ante, at 548 n. 2.