# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2817
_____

German Cabrera Diaz

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: March 14, 2023
Filed: July 13, 2023
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

German Cabrera Diaz petitions for review of the Board of Immigration Appeals's ("BIA") denial of his motion to reopen his removal proceedings after he failed to appear at his removal hearing. We deny the petition.

A native and citizen of Mexico, Cabrera Diaz unlawfully entered the United States at an undisclosed time and location. In 2011, Cabrera Diaz was convicted of driving under the influence of alcohol in California. The Department of Homeland Security ("DHS") charged Cabrera Diaz with removability from the United States under 8 U.S.C. § 1182(a)(6)(A)(i), alleging he was a noncitizen present in the United States without being admitted or paroled. Cabrera Diaz conceded the charge of removability and applied for cancellation of removal, adjustment of status, withholding of removal, and protection under the Convention Against Torture. In 2019, after Cabrera Diaz moved to Hampton, Iowa, venue was changed from San Francisco, California, to Omaha, Nebraska. DHS served notice of a January 2020 hearing on Cabrera Diaz's attorney at the time. The attorney later moved to withdraw, explaining that Cabrera Diaz no longer wanted his representation. Neither Cabrera Diaz nor his attorney appeared at the hearing. As a courtesy, the Immigration Judge called Cabrera Diaz's attorney, who explained that he had advised Cabrera Diaz of his obligation to attend the hearing and the consequences he would face for not doing so. The Immigration Judge then ordered Cabrera Diaz removed in absentia.

In May 2020, Cabrera Diaz, who was represented by new counsel, filed a motion to reopen his removal proceedings. Cabrera Diaz asserted he had not received notice of the January hearing, but he did not include an affidavit or any other evidence supporting that assertion. Nonetheless, the Immigration Judge accepted the motion and denied it on the merits, citing both Cabrera Diaz's previous attorney's statements that Cabrera Diaz was aware of the hearing and the lack of evidence to the contrary. On appeal to the BIA, Cabrera Diaz argued the Immigration Judge's finding that he did have notice, based in part on his previous attorney's credibility, was clearly erroneous. The BIA dismissed Cabrera Diaz's appeal. Cabrera Diaz petitioned this court for review of the BIA's dismissal.

"We review for abuse of discretion the BIA's denial of a motion to reopen." *Alemu v. Mukasey*, 509 F.3d 907, 909 (8th Cir. 2007). "The BIA abuses its discretion where it gives no rational explanation for its decision; departs from its established

policies without explanation; relies on impermissible factors or legal error; or ignores or distorts the record evidence." *Id.*

Cabrera Diaz fails to identify any aspect of the BIA's decision that lacked rational explanation, inexplicably departed from policy, relied on legal error, or ignored record evidence. *See id.* Instead, Cabrera Diaz first argues the BIA abused its discretion because it did not properly address his argument or evidence when determining whether the Immigration Judge abused her discretion. Specifically, Cabrera Diaz argues the Immigration Judge did so by accepting his motion to reopen and denying it on the merits as opposed to rejecting it as a "defective" motion for failing to comply with "format requirements" contained in the Immigration Court Practice Manual. By purportedly "ignoring" this procedural argument, Cabrera Diaz claims the BIA abused its discretion.

We reject this argument because it mischaracterizes the record. In his appeal to the BIA, Cabrera Diaz only made passing reference to the Immigration Judge's authority to summarily reject Cabrera Diaz's motion rather than accept the motion and rule on the merits. And he did so only in advance of his argument the Immigration Judge erred in relying on other evidence in the record to conclude Cabrera Diaz had notice of the hearing. We do not fault the BIA for failing to directly respond to an argument Cabrera Diaz failed to fully present on appeal. *See Gallegos v. Garland*, 25 F.4th 1087, 1092 (8th Cir. 2022) (explaining it is unnecessary for the BIA to "write an exegesis on every contention" so long as it provides "sufficient reasoning for our review"). Further, the merits of Cabrera Diaz's procedural argument are dubious. Even assuming Cabrera Diaz's motion to reopen was "defective" and could have been rejected according to the Immigration Court Practice Manual, that same manual expressly permitted the Immigration Judge to accept a "defective" filing and rule on the merits of his motion.

Neither did the BIA otherwise abuse its discretion in addressing Cabrera Diaz's argument and evidence. Cabrera Diaz failed to present any evidence supporting the contention he was unaware of the January 2020 hearing, only

presenting his notice of hearing from 2017 in San Francisco. As the BIA noted, Cabrera Diaz's counsel was aware of the change in venue to Omaha, making that evidence irrelevant. Under 8 U.S.C. § 1229a(b)(5)(A):

> Any alien who, after written notice . . . has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the [Immigration and Naturalization] Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable[.]

We also reject Cabrera Diaz's argument that the BIA improperly upheld the denial of the motion to reopen under a different rationale than utilized by the Immigration Judge. Although the BIA could have provided a more thorough explanation as to why Cabrera Diaz had notice, both the BIA and the Immigration Judge reasoned reopening was improper because Cabrera Diaz had notice through his attorney at the time.

Accordingly, we deny the petition for review.

_____