# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1749

_____

| | | |
|---|---|---|
| Mohammed Thimran, | * | |
| | * | |
| Petitioner, | * | |
| | * | Appeal from the Board |
| v. | * | of Immigration Appeals. |
| | * | |
| Eric H. Holder, Jr., Attorney General | * | |
| of the United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: December 16, 2009
Filed: March 25, 2010

_____

Before LOKEN, Chief Judge, ARNOLD and BENTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

After an immigration judge denied Mohammed Thimran's request for a continuance and voluntary departure and ordered him removed, he appealed to the Board of Immigration Appeals. The BIA affirmed the IJ's order and Mr. Thimran then filed this petition for review. We deny the petition.

Mr. Thimran, a native and citizen of Yemen, was lawfully admitted to the United States as a nonimmigrant. He overstayed his visa and married Nafeesah Lawrence Brooks, a United States citizen. When a resident alien marries a U.S. citizen, the citizen spouse may file a Form I-130, Petition for Alien Relative, to

acquire an "immediate relative" visa for the alien spouse, *see* 8 U.S.C. §§ 1151(b)(2)(A)(i), 1154(a)(1)(A)(i); 8 C.F.R. § 204.1(a)(1); if the petition is approved, the alien may then apply to become a lawful permanent resident, *see* 8 U.S.C. § 1255(a). The Department of Homeland Security will not approve an I-130 petition unless the claimed relationship is verified; to establish a spousal relationship, the petitioner must provide documentation, including proof that any previous marriages of the petitioner or beneficiary have been legally terminated. *See* 8 U.S.C. § 1154(b); 8 C.F.R. § 204.2(a).

Ms. Brooks filed an I-130 petition on behalf of Mr. Thimran, but officials at the United States Embassy in Yemen determined that a divorce certificate that Mr. Thimran had provided was not authentic. The embassy officials also advised that even though Mr. Thimran's birth certificate was a genuine Yemeni document, it could not be relied upon as the sole basis of any claim of identity, relationship, or civil status, since corruption in the Yemeni government was widespread. Mr. Thimran now concedes that the divorce certificate was not authentic but maintains that a private agency provided both that document and the birth certificate to him and that he had believed the agency's representations that the certificates were authentic and reliable.

Based on the embassy's report, a District Director of the United States Citizenship & Immigration Service (part of DHS) concluded that Ms. Brooks had not established that Mr. Thimran's previous marriage was legally dissolved and thus could not prove that her marriage to him was valid. The Director further determined that "the submission of fraudulent documents [sic] clearly demonstrates that [Ms. Brooks's] marriage to Mr. Thimran was entered into for the purpose of committing marriage fraud and evading the immigration laws." *See* 8 U.S.C. § 1154(c). DHS therefore denied Ms. Brooks's I-130 petition.

DHS then charged Mr. Thimran with being removable under 8 U.S.C. § 1227(a)(1)(A), as an alien who had sought to procure a visa by fraud or by willfully

misrepresenting a material fact, *see* 8 U.S.C. § 1182(a)(6)(C)(i), and under § 1227(a)(1)(B), as an alien who was admitted as a nonimmigrant but remained longer than permitted. Shortly thereafter, Ms. Brooks filed a second I-130 petition on Mr. Thimran's behalf, accompanied by new documents obtained directly from the Yemeni government.

Mr. Thimran appeared on the removability charges, and the IJ granted him a continuance and then another. Mr. Thimran later conceded that he was removable for overstaying his visa but maintained that he was not removable for fraud. The IJ continued the case four more times over the next eighteen months, evidently waiting for the adjudication of Ms. Brooks's second I-130 petition. When the District Director denied that second petition, concluding that Mr. Thimran was ineligible because he had previously attempted to gain permanent resident status by fraud and misrepresentation, *see* 8 U.S.C. § 1154(c), Ms. Brooks timely filed an appeal to the BIA.

Following the denial of the second I-130 petition, Mr. Thimran requested yet another continuance until the BIA ruled on Ms. Brooks's appeal. The IJ denied the request, noting the previous continuances and emphasizing that the first I-130 petition had been denied on the basis of fraud. Mr. Thimran also requested voluntary departure, which the IJ denied. Noting that Mr. Thimran had conceded one of the charges of removability, the IJ ordered him removed to Yemen. Mr. Thimran then appealed the order of removal, the denial of the continuance, and the denial of voluntary departure to the BIA. The BIA dismissed the appeal, holding that since Mr. Thimran had admitted his removability for overstaying his visa, it need not address the question of whether DHS had demonstrated his removability for fraud. The BIA also held that the IJ correctly denied the request for a continuance, observing that the IJ had waited to issue a decision until Ms. Brooks's second I-130 petition was denied, and that nothing required the IJ to grant a "continuance based on the possibility that proper documentation may be approved in the future." The BIA also

affirmed the IJ's denial of the voluntary departure request.  Mr. Thimran thereupon filed his petition for review of all these rulings in this court.

We turn first to the order of removal.  Mr. Thimran argues that the BIA violated his due process rights when it failed to address the question of whether he was removable because he committed fraud or willfully misrepresented facts.  As we have already noted, however, Mr. Thimran conceded his removability for overstaying his visa.  Because his alleged fraud or misrepresentation was not the basis for the IJ's finding of removability, the BIA's failure to address the matter could not have affected Mr. Thimran's due process rights.

Mr. Thimran also contests the denial of his request for a continuance.  In *Onyinkwa v. Ashcroft*, 376 F.3d 797, 799 (8th Cir. 2004), we held that 8 U.S.C. § 1252(a)(2)(B), which provides that no court shall have jurisdiction to review "any ... decision or action of the Attorney General ... the authority for which is specified under this subchapter to be in the discretion of the Attorney General," deprived us of jurisdiction to review an immigration judge's discretionary denial of a continuance, because 8 C.F.R. § 1003.29 had made such decisions discretionary.  We later suggested, however, that this issue might be appropriate for reconsideration en banc. *Ikenokwalu-White v. Gonzales*, 495 F.3d 919, 924 n.2 (8th Cir. 2007).  In any event, the Supreme Court recently held that § 1252(a)(2)(B) precludes judicial review of determinations by the Attorney General that are made discretionary by statute, but not those that are made discretionary by regulation.  *Kucana v. Holder*, 130 S. Ct. 827, 831 (2010).  Since *Kucana* effectively overruled our decision in *Onyinkwa*, we have jurisdiction to review the IJ's denial of the continuance.

We turn therefore to the merits of the matter.  An IJ may grant a continuance for "good cause shown," *see* 8 C.F.R. § 1003.29, and we review the denial of a continuance for an abuse of discretion, *see Grass v. Gonzales*, 418 F.3d 876, 878-79 (8th Cir. 2005).  Mr. Thimran argues that the IJ abused her discretion in denying his

request for a continuance until the BIA could rule on the appeal of the denial of Ms. Brooks's second I-130 petition.  The IJ traditionally has discretion "to avoid unduly protracted proceedings," *see Grass*, 418 F.3d at 879, and she had already continued the case for over two years to await the adjudication of the second I-130 petition.  Once the second I-130 petition was denied, moreover, the likelihood of Mr. Thimran obtaining an immediate-relative visa decreased significantly; his fate now rested on the speculative possibility that the BIA would reverse the District Director's denial of that petition.

In an apparent attempt to establish that the BIA would likely reverse that denial, Mr. Thimran presented evidence to the IJ that his children's visa petitions had all been approved using the same documents that were submitted to support the second I-130 petition.  We fail to see how the outcome of the children's petitions could realistically affect the appeal of the denial of Mr. Brooks's second I-130 petition, particularly since the denial of that petition was not based on the authenticity of Mr. Thimran's second set of documents, but on a conclusion that Mr. Thimran was statutorily ineligible since he had previously attempted to gain permanent resident status by fraud and misrepresentation.  (Mr. Thimran attempts to challenge this conclusion here, but the denial of the second I-130 petition is not before us.)

Depending on the outcome of the I-130 appeal, the denial of Mr. Thimran's request for a continuance may negatively affect Mr. Thimran, but denials of requests for continuance frequently have consequences.  The question is not whether a continuance might hypothetically benefit Mr. Thimran, but whether the IJ's decision not to grant it amounted to an abuse of discretion.  We do not believe that it did, considering that the IJ denied Mr. Thimran's request for a continuance after multiple I-130 petitions were denied, the case had been continued for over two years, and Mr. Thimran presented no obviously meritorious grounds for appeal.

Mr. Thimran suggests that the BIA's recent decision in *In re Hashmi*, 24 I. & N. Dec. 785 (BIA 2009), warrants a remand to the BIA for further consideration of whether a continuance was appropriate. We disagree. In *Hashmi*, the BIA held that when there is a pending I-130 petition that, if approved, would render an alien *prima facie* eligible for adjustment of status, removal proceedings should generally be continued until the adjudication of the underlying I-130 petition. *Id.* at 790. Since the IJ here in fact continued the case until after the second I-130 petition on Mr. Thimran's behalf was adjudicated, her actions were entirely consistent with *Hashmi*, and we see no occasion for remand.

Mr. Thimran also points out that the District Director, inexplicably, never sent the BIA Ms. Brooks's appeal of the denial of the second I-130 petition, and he asserts that the delay hampered the BIA's review of his appeal. He appears to contend that the BIA should have searched the record for the date of the notice of appeal for the denial of the second I-130 petition, determined that the District Director must have failed to forward the appeal, and then held his appeal until ruling on the I-130 appeal. Mr. Thimran, however, has provided us with no authority for his contention that the BIA had a duty to determine *sua sponte* the status of the other appeal, nor are we aware of any. Furthermore, we can identify no meaningful standard against which to review the BIA's failure to exercise its *sua sponte* discretion here, so we reject Mr. Thimran's argument. *Cf. Tamenut v. Mukasey*, 521 F.3d 1000 (8th Cir. 2008) (en banc) (per curiam).

Finally, Mr. Thimran appeals the denial of his request for voluntary departure. We lack jurisdiction to review this ruling. 8 U.S.C. § 1229c(f); *Quomsieh v. Gonzales*, 479 F.3d 602, 607 (8th Cir. 2007); *see also* 8 U.S.C. § 1252(a)(2)(B)(i).

For the foregoing reasons, we deny the petition.

_____