# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 13-3597

———————————————

Zachary Makworo Mogeni

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

————————

Petition for Review of an Order of the
Board of Immigration Appeals

————————

Submitted: November 10, 2014
Filed: March 9, 2015

————————

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

————————

MELLOY, Circuit Judge.

Zachary Mogeni is a Kenyan citizen who entered the United States as a non-immigrant visitor authorized to stay for six months. After Mogeni remained in the United States for longer than authorized, the Department of Homeland Security placed Mogeni into removal proceedings. From 2007 to 2012, an immigration judge granted Mogeni twelve continuances. The IJ rejected a thirteenth continuance and ordered Mogeni to be removed from the United States. Mogeni appealed, and the

Board of Immigration Appeals affirmed the IJ's order. For the reasons stated below, we affirm.

I.

Mogeni is a native Kenyan citizen. In December 2002, Mogeni entered the United States as a non-immigrant visitor authorized to stay for six months. On June 11, 2003, Mogeni married Georgette Byers, a U.S. citizen. Byers filed an I-130 Petition for Alien Relative on Mogeni's behalf. The Department of Homeland Security denied the petition, finding that the marriage was a sham entered into for an immigration benefit. Neither Byers nor Mogeni appealed the DHS's decision. Byers and Mogeni divorced in December 2004.

In March 2005, approximately three months after his divorce from Byers, Mogeni married Tracy Gullie, another U.S. citizen. In November 2006, Gullie filed an I-130 petition on Mogeni's behalf. Because the DHS previously found Mogeni had entered into a sham marriage to obtain an immigration benefit, the DHS denied the second I-130 petition. Mogeni appealed the DHS's decision. The record does not contain the results of the appeal. Irene Gatere, Mogeni's daughter from a previous marriage in Kenya, also filed an I-130 petition on Mogeni's behalf.[1]

In December 2006, the DHS initiated removal proceedings against Mogeni.[2] The DHS charged Mogeni as an alien who remained in the United States for longer than authorized under § 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B). Mogeni appeared with the assistance of counsel before the IJ and conceded removability. However, Mogeni requested a continuance of the

---

[1] Gatere was naturalized in November 2010.

[2] Mogeni's non-immigrant visitor status authorized him to remain in the United States until May 31, 2003.

removal proceedings pending the results of his I-130 petitions. Between 2007 and 2012, the IJ granted Mogeni twelve continuances.

On February 12, 2012, the IJ denied Mogeni's thirteenth request for a continuance, finding that Mogeni did not demonstrate "good cause." See 8 C.F.R. § 1003.29. The IJ noted that because of the DHS's sham marriage determination, § 204(c) of the INA—intended to prohibit the approval of a petition for an alien whose prior marriage was determined to have been entered into for the purpose of evading immigration laws—diminished Mogeni's likelihood of success on either pending I-130 petition. 8 U.S.C. § 1154(c). Mogeni appealed the IJ's order to the BIA.

The BIA affirmed the IJ's denial of a continuance, finding that Mogeni failed to demonstrate good cause. Like the IJ, the BIA noted that a "key consideration" in deciding a motion for a continuance based on a pending I-130 petition is the likelihood of success. And because of the DHS's sham marriage determination, the marriage fraud statute, § 204(c), significantly "hinders the likelihood of the [I-130] petition's success." The BIA therefore concluded that it was unlikely Mogeni's pending applications would be approved. Mogeni timely filed this appeal, challenging the denial of his request for a thirteenth continuance.

II.

We review the BIA's denial of a motion to continue for an abuse of discretion. See Thimran v. Holder, 599 F.3d 841, 845 (8th Cir. 2010). During removal proceedings, an IJ may grant a motion to continue for good cause. 8 C.F.R. § 1003.29.

We hold that the BIA did not abuse its discretion when it affirmed the IJ's denial of Mogeni's motion to continue. Mogeni asked the IJ and the BIA to grant a

continuance of the removal proceedings pending the resolution of his I-130 petitions. An important consideration in determining whether to grant a stay of removal proceedings pending the resolution of an I-130 petition is the likelihood of the petition's success. See Thimran, 599 F.3d at 845; In re Hashmi, 24 I. & N. Dec. 785, 790 (BIA 2009) (finding that the focus of the inquiry as to whether an IJ should grant a continuance of removal proceedings is based on the likelihood that the adjustment of immigration status will be granted). Because the DHS determined Mogeni previously entered into a sham marriage, § 204(c) substantially hinders the likelihood of success.

Section 204(c) states in relevant part:

no petition [for adjustment of status] shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws, or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

Mogeni did not appeal the DHS's sham-marriage determination. Thus, it is likely Mogeni's pending I-130 petitions will be denied as a result of Mogeni's previous sham marriage.

Moreover, "[t]he IJ traditionally has discretion to avoid unduly protracted proceedings." Thimran, 599 F.3d at 845 (internal quotation marks omitted). In Thimran, this Court found that it was not an abuse of discretion for an IJ to deny a continuance "after multiple I-130 petitions were denied, the case had been continued for over two years, and Mr. Thimran presented no obviously meritorious grounds for

appeal." <u>Id.</u> In our case, Mogeni was granted twelve continuances over a span of five years and has failed to present any meritorious grounds for appeal.

We affirm. The BIA did not abuse its discretion.

_____