# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2924

_____

Moses Kipchumba Choge

*Petitioner*

v.

Loretta E. Lynch, United States Attorney General

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 21, 2015
Filed: November 18, 2015

_____

Before WOLLMAN, COLLOTON, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

The petitioner, Moses Kipchumba Choge, is a Kenyan citizen. His U.S. citizen wife filed an immigrant visa petition on his behalf, which was approved. Choge made a corresponding request to adjust his status to that of lawful permanent resident, and the Immigration Judge (IJ) overseeing his case explained to him that in order to proceed, he would have to pay a filing fee, get fingerprinted, submit an affidavit of

support, and bring his wife to testify on his behalf at his next hearing. When he showed up at the hearing ten months later, he had done none of the above. The Immigration Judge deemed his application waived and denied his request for a continuance, and on appeal the Board of Immigration Appeals (BIA) affirmed the IJ's decision. Because we find no abuse of discretion in those decisions, we exercise our jurisdiction under 8 U.S.C. § 1252 to deny Choge's petition for review.[1]

## I. Background

Choge entered this country in 2007 on a student visa to attend Southern Illinois University. He later transferred to St. Charles Community College, but was terminated in 2010 for failure to enroll. At some point in 2007, he was also employed for compensation and without authorization at Emmaus Homes, a facility that cares for adults with developmental disabilities. Based on these facts, which Choge admits, the Department of Homeland Security (DHS) began removal proceedings against him in July 2010 for failing to maintain or comply with the conditions of his nonimmigrant status. See 8 U.S.C. § 1227(a)(1)(C)(1).

Choge's U.S. citizen wife filed an immigrant visa petition (Form I-130) on his behalf on September 29, 2010, and Choge filed a corresponding application for adjustment of status to that of lawful permanent resident (Form I-485). Choge had an initial hearing before an IJ on January 12, 2011, at which he was represented by counsel. The hearing was continued at the suggestion of the IJ and without objection by DHS for purposes of attorney preparation. On September 20, 2011, the I-130 filed by Choge's wife was approved.

At the next hearing before the IJ, on October 4, 2011, Choge, again represented by counsel, admitted DHS's allegations against him and was found removable by the

---

[1]Judge Colloton concurs in all but footnote two of this opinion.

IJ. The IJ set a third hearing for June 18, 2012, to adjudicate Choge's adjustment of status application—an application DHS opposed based on his having at one point marked a box on his employment eligibility verification form indicating that he was a U.S. citizen or national.

In April 2012, Choge's lawyer withdrew from representing him. Then, on June 9, 2012, Choge (now unrepresented) moved for a continuance because his wife's Caesarean section had been rescheduled for an earlier date, and they would not be able to attend the scheduled hearing as a result. The continuance was granted, and the third hearing was held on August 21, 2012.

At the hearing, the IJ informed Choge that he needed to pay the fee on his application for adjustment of status, get fingerprinted, and submit an affidavit of support before his I-485 could be adjudicated on the merits. She proceeded to set a fourth hearing for June 21, 2013, and told Choge to make sure his wife came to the hearing to testify on his behalf.

When the next hearing rolled around ten months later, Choge admitted that he had not paid the application fee on his application to adjust status or filed an affidavit of support, claiming that he had "sent [the check] to [his] attorney, but [the attorney] didn't send it because he wanted more money." He said he was unaware that he could have paid the fee himself. He also explained that his wife was not at the hearing because a relative of his had died in Minnesota, and his wife was still there with his son. The DHS attorney present at the hearing noted that Choge had also not submitted his fingerprints.

When asked how he would like to proceed, Choge told the IJ that he would send in the fee, which the IJ interpreted as a request for a continuance. DHS opposed the request, and the IJ issued an oral decision denying Choge's request for a continuance and deeming his application for adjustment of status abandoned. Choge

timely filed an appeal with the BIA, which was denied. Choge now petitions for review of the BIA's order.

## II. Discussion

The IJ found Choge's application for adjustment of status to be waived, and was entitled to do so. We have held that 8 C.F.R. § 1003.31(c) "clearly states the IJ has the authority to deem applications waived when submitted after the set deadlines" and that an IJ therefore does not abuse her discretion when denying an untimely application. Arellano-Hernandez v. Holder, 564 F.3d 906, 911 (8th Cir. 2009). Here, the IJ set June 21, 2013, as the deadline for Choge to complete his application to adjust his status. "An alien who seeks adjustment of status . . . must file Form I-485, with the required fee," 8 C.F.R. 1245.2(a)(3)(iii), and Choge had not filed the required fee by the deadline. Thus, under the applicable regulations, the IJ was authorized to find Choge's application waived.

Choge contends that the IJ should have granted his motion for a continuance before deeming his application waived. During removal proceedings, an IJ can grant a motion to continue for good cause. 8 C.F.R. § 1003.29. If the IJ chooses not to grant a continuance, and the BIA affirms, we review their decisions for abuse of discretion. Thimran v. Holder, 599 F.3d 841, 845 (8th Cir. 2010). "Absent a showing of clear abuse, we typically do not disturb an IJ's discretionary decision not to continue a hearing." Njoroge v. Holder, 753 F.3d 809, 812 (8th Cir. 2014) (quoting Hernandez-Gil v. Gonzales, 476 F.3d 803, 807 (9th Cir. 2007)).

No abuse of discretion is apparent here. An "IJ traditionally has discretion to avoid unduly protracted proceedings," Thimran, 599 F.3d at 845 (internal quotation marks omitted), and in this case, the IJ exercised that discretion to set June 21, 2013, as the date for what she described as "one last hearing" to adjudicate his adjustment of status application. Choge was given ten months to pay the fee associated with his

application, provide his fingerprints, submit an affidavit of support, and bring his wife to testify on his behalf, and he does not contend that the time provided was inadequate. Nevertheless, in the intervening months, he did none of these things.

His failure to satisfy these conditions cannot be attributed to lack of adequate notice. The IJ was clear in explaining the steps Choge was expected to take prior to his June 2013 hearing. At the August 2012 hearing, she had the DHS attorney give Choge a set of instructions for paying the fee associated with his I-485 and told Choge that he had to follow them. She explained to Choge that he would have to have his fingerprints taken before she could adjudicate his case, and Choge indicated that he knew how to get a fingerprint appointment. She also told Choge that he would have to submit an affidavit of support, and that his wife would have to be present in court to testify at the next hearing. Choge displayed no confusion as to what was expected of him; indeed, when asked, he expressly stated that he understood what the IJ had told him. The IJ's clear instructions distinguish this case from decisions like Cui v. Mukasey, 538 F.3d 1289, 1293–94 (9th Cir. 2008), and Karapetyan v. Mukasey, 543 F.3d 1118, 1131 (9th Cir. 2008), which held that a short continuance to submit fingerprints was necessary where the petitioner received inadequate notice of the fingerprint requirement.

It should also have been clear to Choge that no further hearings would be forthcoming after June 2013. In addition to noting that she was setting "one last hearing," the IJ specifically told Choge at the August 2012 hearing to "get started right away" on satisfying the prerequisites that she had explained to him. She also told Choge that he could get a lawyer and gave him information on free legal services but emphasized that, if he did not have a lawyer, he would have to satisfy the requirements himself. She finished by warning Choge that she would not continue the hearing in order for him to have his fingerprints taken, so "[t]his is your one chance to get your fingerprints and the fees paid." Choge again indicated that he understood what was being asked of him.

Choge has not pointed to any convincing reason why he neither satisfied the requirements for his adjustment of status application nor moved for a further continuance prior to the hearing itself. He suggested at the hearing that he was unaware that he could have sent in the filing fee himself, and claimed his attorney was refusing to send in the filing fee because he was holding out for more money. But the IJ had previously made clear to him that he would have to fulfill the requirements for the I-485 himself if he was unable to get a lawyer, and the instructions that were provided to Choge at the August 2012 hearing explained where to send the application fee. In any event, Choge not only failed to pay the fee, but also neglected to have his fingerprints taken or to submit an affidavit of support.

Choge also argues that his failure to pay the fee and submit his fingerprints was harmless because a continuance would in any event have been necessary, given his wife's unavailability. But Choge did not assert that his wife's inability to attend the hearing was last-minute or that some other reason prevented him from moving for a continuance sometime before the June 21, 2013, hearing—as he had done in June 2012 when the birth of his child was imminent. His failure to do so is unexplained, and precludes a finding that the IJ abused her discretion by denying him a continuance.[2] For the same reason, we reject Choge's argument that the IJ's denial

---

[2]Choge suggests that the decisions by the IJ and BIA should be evaluated and reversed based on the factors set forth in In re Hashmi, 24 I. & N. Dec. 785, 790–94 (BIA 2009), but that BIA decision dealt with continuances based on a pending unadjudicated I-130. Here, the I-130 had already been granted, and the denial of a continuance was based on Choge's failure to fulfill the requirements associated with his I-485. Whether or not Hashmi has any application outside this context, cf. Simon v. Holder, 654 F.3d 440, 441, 443 (3d Cir. 2011) (applying Hashmi where I-130 had been approved but petitioner was waiting on a visa number), we do not find that the IJ and BIA erred by not applying it to a case where the denial of a continuance was based solely on the petitioner's failure to fulfill the requirements associated with his I-485.

of a continuance violated his right to a fundamentally fair hearing under the Due Process Clause.

### III. Conclusion

For the reasons stated above, we deny Choge's petition for review.

_____