# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3195

_____

Robinson Diaz

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: May 17, 2016
Filed: June 1, 2016
[Published]

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robinson Alirio Diaz, a citizen of El Salvador, entered the country illegally. In 2011, the Department of Homeland Security sent him, by regular mail, a Notice to Appear in removal proceedings. It advised Diaz he needed to appear at the removal hearing or risk an *in absentia* removal order. It did not provide the date and time of the hearing. A week later, the immigration court sent Diaz, by regular mail, a Notice

of Hearing of Removal Proceedings, stating the date and time of the hearing. Diaz did not show up at the hearing. The immigration judge entered an *in absentia* removal order. *See* 8 U.S.C. § 1229a(b)(5)(A) (authorizing an immigration judge to issue *in absentia* orders if the alien receives notice of the hearing, fails to appear, and the government proves removability by "clear, unequivocal, and convincing evidence").

Two years later, DHS apprehended Diaz and began removal proceedings. He moved to reopen the *in absentia* removal order, arguing he never received the Notice of Hearing. Alternatively, he moved to reopen to apply for asylum. The immigration judge denied both motions, and the BIA affirmed. Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition for review.

This court reviews denials of motions to reopen for abuse of discretion. *Alemu v. Mukasey*, 509 F.3d 907, 909 (8th Cir. 2007). "The [BIA] abuses its discretion where it gives no rational explanation for its decision; departs from its established policies without explanation; relies on impermissible factors or legal error; or ignores or distorts the record evidence." *Id*. This court reviews legal questions de novo. *Vue v. Gonzales*, 496 F.3d 858, 859 (8th Cir. 2007).

Diaz argues he did not receive the Notice of Hearing, rendering the removal order unlawful and in violation of his due process rights. *See* § 1229a(b)(5)(C) (allowing a motion to reopen at any time for failure to provide notice). The government generally must provide "a written notice" of a removal hearing and give it to the alien "in person . . . (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record if any). . . ." § 1229(a)(1). "Service by mail under this section shall be sufficient if there is proof of attempted delivery to the last address provided by the alien. . . ." § 1229(c). Service by mail also satisfies the requirements of due process. *See Haider v. Gonzales*, 438 F.3d 902, 908 (8th Cir. 2006).

Notice by regular mail is presumed to be delivered. *Ghounem v. Ashcroft*, 378 F.3d 740, 744 (8th Cir. 2004) (acknowledging the presumption, which is a weaker presumption than that accorded notice sent by certified mail). In determining whether an alien has overcome this presumption, the immigration judge considers (1) the alien's affidavit, (2) affidavits from family members or others with personal knowledge, (3) the alien's due diligence, after learning of the *in absentia* order, in seeking to redress the situation, (4) applications for relief, demonstrating the alien had an incentive to appear, (5) previous attendance at immigration hearings, and (6) any other evidence. *See Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (BIA 2008). *See also Ghounem*, 378 F.3d at 744 ("Where a petitioner actually initiates a proceeding to obtain a benefit, appears at an earlier hearing, and has no motive to avoid the hearing, a sworn affidavit . . . should ordinarily be sufficient to rebut the presumption of delivery. . . .").

Diaz submitted an affidavit, claiming he never received the Notice of Hearing. However, he admitted receiving the Notice to Appear, sent one week earlier to the same address. Diaz had not filed for any type of relief, had never appeared at an immigration hearing, and had no incentive to attend the removal hearing because his removability was not in doubt. He did nothing to redress the *in absentia* order until apprehended by DHS two years later. Diaz's affidavit is insufficient to overcome the presumption of delivery.

Diaz also challenges the denial of his motion to reopen to apply for asylum. Diaz did not file this motion until two years after the immigration judge entered the order of removal. His motion to reopen is thus time-barred, unless he demonstrates his application for asylum is "based on changed country conditions. . . ." *See* §§ 1229a(c)(7)(C)(i), (ii). Evidence of the changed conditions must not have been available or discoverable at the time of the 2011 hearing. *See* § 1229a(c)(7)(C)(ii).

Diaz claims he "recently" learned of the violent conditions in El Salvador. He also submits that his step-father was murdered (but does not provide the date of that murder). Neither fact demonstrates a change in conditions between the 2011 hearing and his 2013 motion to reopen. *See Zheng v. Mukasey*, 523 F.3d 893, 896 (8th Cir. 2008).

The BIA did not abuse its discretion in denying the motion to reopen the *in absentia* order of removal, or the untimely motion to reopen to apply for asylum.

\* \* \* \* \* \* \*

The petition for review is denied.

_____