# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-2737

———————————————

Esteban Montelongo-Leyva

*Petitioner*

v.

William P. Barr

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: September 3, 2020
Filed: September 9, 2020
[Unpublished]

——————————

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Esteban Montelongo-Leyva, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed the immigration judge's (IJ's) denial of his motion for a continuance in his removal proceedings pending a decision by the United States Citizenship and Immigration Services (USCIS) on his family member's Petition for U Nonimmigrant Status (Form

I-918) (U Visa), and his derivative petition for U Visa status as a qualifying family member (Form I-918 Supplement A). We generally review the BIA's decision as the final agency action, but when the BIA essentially adopts the IJ's opinion and adds additional reasoning, this court reviews both decisions. See Sharif v. Barr, 965 F.3d 612, 618 (8th Cir. 2020).

An IJ may, as an exercise of its discretion, grant a request for a continuance for "good cause shown." See 8 C.F.R. §§ 1003.29, 1240.6. Upon review, we conclude that the agency did not clearly abuse its broad discretion in denying Montelongo-Leyva's motion for an indefinite continuance when it concluded that, on balance, the adverse factors, including the Department of Homeland Security's reasonable opposition to his motion, the previous continuances the agency had granted him, and--most notably--his ongoing criminality after the IJ initially granted him administrative closure pending the USCIS's decision, weighed against any presumption in favor of granting him another continuance. See Choge v. Lynch, 806 F.3d 438, 441 (8th Cir. 2015) (standard of review). The IJ reasonably considered relevant factors based on the specific facts in Montelongo-Leyva's case, see Matter of Sanchez Sosa, 25 I. & N. Dec. 807, 812 (BIA 2012), the BIA referenced the relevant framework and offered a rational explanation when it affirmed the IJ, see Ali v. Barr, 924 F.3d 983, 987 (8th Cir. 2019); cf. Caballero-Martinez v. Barr, 920 F.3d 543, 551 (8th Cir. 2019), and we discern no reversible error in the agency's consideration of concerns related to administrative efficiency as one factor in its analysis, see Matter of Mayen-Vinalay, 27 I. & N. Dec. 755, 757-59 (BIA 2020).

Accordingly, we deny the petition for review. See 8th Cir. R. 47B.

_____