**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1431**

MOHAMED ALY ELSHAYALA,

        Petitioner,

    v.

ROBERT M. WILKINSON, Acting Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 29, 2021                Decided: February 9, 2021

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Mohamed Aly Elshayala, Petitioner Pro Se. Joseph P. Hunt, Assistant Attorney General, Anthony C. Payne, Assistant Director, Jennifer A. Bowen, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohamed Aly Elshayala, a native and citizen of Egypt, petitions for review of an order of the Board of Immigration Appeals affirming, without opinion, the immigration judge's (IJ) denial of Elshayala's motion for a continuance to await the United States Citizenship and Immigration Services' (USCIS) adjudication of a pending I-130, Petition for Alien Relative, filed by his third wife. We deny the petition for review.

An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29 (2020). We review the denial of a motion for continuance for abuse of discretion. *Lendo v. Gonzales,* 493 F.3d 439, 441 (4th Cir. 2007); *Onyeme v. INS,* 146 F.3d 227, 231 (4th Cir. 1998). We "must uphold the IJ's denial of a continuance 'unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, *e.g.,* invidious discrimination against a particular race or group.'" *Lendo,* 493 F.3d at 441 (quoting *Onyeme,* 146 F.3d at 231).

Based on our review of the record, we find no abuse of discretion in the IJ's denial of a continuance. As Elshayala concedes on appeal, the USCIS revoked an approved I-130 petition filed by his second wife on the ground that that his first marriage was fraudulent and found him subject to the bar set forth in 8 U.S.C. § 1154(c) (providing that an I-130 shall not be approved if an alien has previously sought an immediate relative or preference status based on a fraudulent marriage). Thus, after considering the factors set forth in *In re Hashmi*, 24 I. & N. Dec. 785, 790 (B.I.A. 2009), the IJ properly noted that the I-130 petition filed by Elshayala's third wife was not prima facie approvable. *See id.* at 790

2

(noting that "the focus of the inquiry is the likelihood that the adjustment application will be granted").

Contrary to Elshayala's arguments on appeal, we find no evidence to suggest that the IJ improperly adjudicated the pending I-130 petition. Rather, in denying his motion for a continuance, the IJ assessed the viability of the petition and concluded that it was highly unlikely to be granted in light of the USCIS's application of the § 1154(c) bar to the I-130 petition filed by Elshayala's second wife. *See Mogeni v. Holder*, 779 F.3d 847, 848-49 (8th Cir. 2015) (finding no abuse of discretion in the IJ's denial of a continuance where USCIS determined petitioner previously entered into a sham marriage and, thus, 8 U.S.C. § 1154(c) "substantially hinder[ed] the likelihood of success"); *In re Hashmi*, 24 I. & N. Dec. at 791 (recognizing that IJs do not have jurisdiction to decide visa petitions, however, "in the context of deciding a motion to continue for the USCIS to adjudicate the petition, it is useful for the [IJ] to evaluate the viability of the underlying I-130"). We have also reviewed Elshayala's claims that the IJ's denial of a continuance and subsequent removal order violated his rights to due process and conclude they are without merit. If the USCIS denies the current I-130 petition filed by Elshayala's wife, she may then seek administrative and/or judicial review of that decision. *See Echevarria v. Keisler*, 505 F.3d 16, 18 (1st Cir. 2007) (noting that it is the petitioner, not the beneficiary, who has standing to appeal the denial of a visa application).

3

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*