# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 20-2935

———————————————

Elida De Los Angeles Franco-Moreno; Robin Wilfredo Rivera-Franco

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States[1]

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: March 11, 2021
Filed: March 16, 2021
[Unpublished]

——————————

Before BENTON, MELLOY, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Salvadoran citizens Elida De Los Angeles Franco-Moreno and her minor child, Robin Wilfredo Rivera-Franco, petition for review of an order of the Board of Immigration Appeals (BIA), which upheld an immigration judge's (IJ's) decision

---

[1]Merrick B. Garland is serving as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

denying their motion to reopen removal proceedings and rescind an order of removal entered in absentia. Having jurisdiction under 8 U.S.C. § 1252, this court grants the petition and remands the case to the BIA for further proceedings consistent with this opinion.

Petitioners entered the United States without inspection in December 2018. They were apprehended by immigration authorities and were personally served with Notices to Appear advising them that a removal hearing would be set. Upon release from United States Immigration and Customs Enforcement (ICE) custody on their own recognizance, Petitioners provided authorities with a temporary mailing address. The record indicates that a Notice of Hearing (NOH) was sent to Petitioners by regular mail at the address they provided, advising that a hearing had been scheduled in immigration court for September 18, 2019. Petitioners claim they never received this notice. The IJ held Petitioners' removal hearing in absentia and ordered them removed.

In November, Petitioners retained counsel and filed a motion to reopen and rescind the removal order, arguing that they did not receive the NOH. Franco-Moreno submitted an affidavit stating that she and Rivera-Franco were living with her sister, Lorena; the address she had provided to ICE belonged to Lorena's friends; she and Lorena regularly checked the mailbox at that address, and did not receive the NOH; Franco-Moreno had appeared for numerous "immigration check-ins" with ICE between December 13, 2018, and September 24, 2019; and she had not been aware of the in absentia removal order until counsel discovered it. Lorena submitted an affidavit corroborating the fact that no mail addressed to Franco-Moreno was received at the address on file. Franco-Moreno also submitted an application for asylum, withholding of removal, and protection under the Convention Against Torture.

The IJ denied the motion to reopen and rescind, finding that the evidence was insufficient to show that the NOH was not delivered. The BIA affirmed the decision of the IJ, concluding that Petitioners had not overcome the presumption that notice

was properly delivered, as they never lived at the address of record, there were no affidavits from anyone who lived at the address of record, and Franco-Moreno did not have a "demonstrated history" of appearing at immigration hearings.

This court reviews legal questions de novo, and denials of motions to reopen for abuse of discretion. *See Diaz v. Lynch*, 824 F.3d 758, 760 (8th Cir. 2016). The BIA abuses its discretion when it gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores or distorts the record evidence. *Id.* Where the BIA adopts the IJ's decision and adds its own reasoning, both decisions are subject to this court's review. *See De Castro-Gutierrez v. Holder*, 713 F.3d 375, 379 (8th Cir. 2013).

This court concludes that the BIA abused its discretion by applying a heightened evidentiary standard and disregarding record evidence in concluding Petitioners failed to overcome the presumption of delivery of the NOH. In determining whether a noncitizen has overcome the presumption of delivery by regular mail, the agency considers (1) the noncitizen's affidavit; (2) affidavits from family members or others with personal knowledge of whether notice was received; (3) the noncitizen's due diligence, after learning of the in absentia order, in seeking to redress the situation; (4) prior applications for relief, demonstrating the noncitizen had an incentive to appear, and any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief; (5) previous attendance at immigration hearings, if applicable; and (6) any other evidence indicating possible nonreceipt of notice. *See Diaz*, 824 F.3d at 760 (citing *Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (BIA 2008)); *see also Ghounem v. Ashcroft*, 378 F.3d 740, 744-45 (8th Cir. 2004) (while a strong presumption of effective delivery is appropriate where service is made by certified mail, a weaker presumption and lesser evidentiary requirements are appropriate where service is by regular mail). Petitioners provided two affidavits, sought to redress the situation by moving to reopen proceedings shortly after the order of removal was entered, applied for relief and protection for removal, had no occasion to appear for any prior immigration hearings, and regularly

attended immigration appointments both before and after the removal order was entered. Considering this evidence, this court concludes that remand is necessary so that the agency may consider all relevant evidence Petitioners proffered—both favorable and unfavorable—under the weaker evidentiary standard applied in cases where notice has been delivered by regular mail.

The petition for review is granted, the decision of the BIA is vacated, and the case is remanded for further proceedings.

_____