# United States Court of Appeals
### For the Eighth Circuit
_____

No. 20-3737
_____

Hasan Elias Hesso,

*Petitioner*,

v.

Merrick B. Garland, Attorney General of the United States,

*Respondent*.
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: October 19, 2021
Filed: February 9, 2022
_____

Before COLLOTON, SHEPHERD, and KELLY, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Hasan Elias Hesso petitions for review of an order of the Board of Immigration Appeals upholding the denial of his motion to reopen proceedings and to rescind an order of removal entered *in absentia*. We conclude that the agency did not abuse its discretion, so we deny the petition.

Hesso, a native of Syria and citizen of Iraq, was admitted to the United States as a refugee in 2000. He became a lawful permanent resident in 2008, and applied for citizenship in 2016. During a citizenship interview, Hesso said the only time that he had been arrested, cited, or detained by law enforcement was "for missing school." As it turns out, he had accumulated several criminal convictions, including for multiple drug offenses, during his time in the United States. Citing Hesso's failure to "disclose [his] extensive criminal history" and his lack of "good moral character," the Department of Homeland Security denied his application for citizenship.

In 2019, the Department charged Hesso as removable based on his prior drug convictions. *See* 8 U.S.C. § 1227(a)(2)(B)(i). To initiate removal proceedings, the government must provide written notice "in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)." *Id.* § 1229(a)(1). Service by "regular mail" is sufficient. 8 C.F.R. § 1003.13. If an alien is provided sufficient written notice of his removal hearing and fails to appear, then he "shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." 8 U.S.C. § 1229a(b)(5)(A).

The Department sent a notice to appear by regular mail to the address that Hesso provided: 5330 Leighton Avenue, Apartment 3, in Lincoln, Nebraska. The notice stated that Hesso was required to appear at the Omaha immigration court on October 30 "to show why [he] should not be removed from the United States." The immigration court later rescheduled the hearing to November 20. After the postponement, the immigration court mailed a notice of the new date and time to Hesso at the Leighton Avenue address. *See id.* § 1229(a)(2).

Hesso failed to appear in immigration court on November 20. The immigration judge ordered him removed *in absentia* to Iraq. The immigration court mailed the removal order to the Leighton Avenue address.

-2-

In April 2020, Hesso moved to reopen the proceedings and to rescind the removal order. *See id.* § 1229a(b)(5)(C)(ii). He argued that he had not received the notices to appear, because he had moved to Arizona in July 2019 after the government denied his citizenship application. In a sworn affidavit, Hesso explained that he had "moved to Arizona at the end of July 2019" to live with his brother-in-law, Elias Kasem. He averred that when he "found out" in December 2019 that he had been ordered removed, he returned to Lincoln to address the matter. Hesso also submitted an unsworn letter purportedly written by Kasem. The letter stated that Hesso had lived with Kasem "from July 2019 until mid-December 2019."

The immigration judge applied a rebuttable presumption that Hesso received mail that was sent to his address of record, and concluded that Hesso failed to rebut the presumption. The judge found it "curious" that Hesso "just happened to be living in another state" when the notice was mailed. The judge also questioned how Hesso learned about the order of removal and "a court date in Omaha" when he supposedly did not receive mail at the Lincoln address from July through December 2019. The judge observed that Hesso returned to the same apartment in Lincoln in December, and that he provided no documentation showing that his lease had lapsed during the previous five months. The judge pointed out that the letter from Hesso's brother-in-law did not establish that Hesso relinquished his residence in Lincoln, or that he lost access to mail at that address while he spent time in Arizona. Nor was there evidence that the notices mailed to Hesso's address in Lincoln were returned as undeliverable. In sum, the immigration judge found "too many questions in [Hesso]'s explanations," and could not find that he met his burden to overcome the presumption of delivery.

The Board dismissed Hesso's administrative appeal. The Board concluded that "[Hesso]'s statement and the letter from his relative were not sufficient to overcome the other information in the record and rebut the presumption that he had access to and received mail delivered to the address to which the [Notice to Appear] was sent." The Board also declined to reopen Hesso's case on its own motion, *see* 8 C.F.R.

-3-

§ 1003.2(a), and we lack jurisdiction to review that discretionary decision. *Tamenut v. Mukasey*, 521 F.3d 1000, 1005 (8th Cir. 2008) (en banc) (per curiam).

Hesso argues in his petition for review that the Board and immigration judge erred in denying his motion to reopen. We consider the two administrative decisions together, *Krasnopivtsev v. Ashcroft*, 382 F.3d 832, 837 (8th Cir. 2004), and review the denial of the motion for abuse of discretion. *Rodriguez-Cuate v. Gonzales*, 444 F.3d 1015, 1017 (8th Cir. 2006). We treat the administrative findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Notice by regular mail is presumed to be delivered." *Diaz v. Lynch*, 824 F.3d 758, 760 (8th Cir. 2016) (per curiam). The presumption is weaker with regular mail than with certified mail, but "it is still proper to presume that postal officers properly discharge their duties." *Ghounem v. Ashcroft*, 378 F.3d 740, 744-45 (8th Cir. 2004) (internal quotation omitted). The agency may consider an alien's affidavit and other relevant evidence in determining whether the presumption is rebutted. *Diaz*, 824 F.3d at 760.

Hesso contends that he rebutted the presumption with his assertion that he did not receive the notices to appear, but the agency's finding to the contrary is supported by substantial evidence. Hesso's affidavit and the letter from his brother-in-law recounted that Hesso was living in Arizona at the time the notices would have been delivered to his address in Nebraska. Yet the record also shows that Hesso returned permanently to the same address in Nebraska after a five-month stay in Arizona. He presented no evidence that he relinquished the Nebraska apartment in the meantime or that he was unable to receive mail at his Nebraska address throughout the relevant period. Hesso also acknowledged that his attorney knew that the October 2019 removal hearing was cancelled, and Hesso admitted that by December 2019 he personally knew about the deportation order. But Hesso did not explain how he or

his attorney could have gained that knowledge without receiving mail from the government at his Nebraska address. The record also includes no evidence that the mail sent to his Nebraska address was returned as undeliverable.

On this record, the agency reasonably concluded that Hesso's explanations left "too many questions" unanswered, and that he failed to overcome the presumption that mail sent to his address in Lincoln was delivered and received. The agency thus did not abuse its discretion by denying the motion to reopen proceedings and to rescind the removal order entered in Hesso's absence. The petition for review is denied.

_____