# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3225
_____

Veronica Lissette Araujo

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: August 9, 2022
Filed: August 12, 2022
[Unpublished]
_____

Before SHEPHERD, MELLOY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Veronica Araujo, a citizen of El Salvador, petitions for review of a 2021 Board of Immigration Appeals (BIA) order denying her motion to reopen her removal proceedings. Araujo sought reopening after her counsel received a briefing extension but failed to file a brief, prompting the BIA, in 2018, to summarily dismiss her appeal

from an immigration judge's decision denying her application for withholding of removal and protection under the Convention Against Torture.

The BIA did not abuse its discretion in denying Araujo's motion to reopen. See Diaz v. Lynch, 824 F.3d 758, 760 (8th Cir. 2016) (standard of review); see also Robles v. Garland, 23 F.4th 1061, 1064 (8th Cir. 2022) (discussing grounds on which BIA may deny reopening). The BIA considered counsel's statement that she had not received the briefing extension and acted within its discretion by considering other evidence, including that counsel had received all other relevant documents at the same mailing address. See Hesso v. Garland, 25 F.4th 592, 595 (8th Cir. 2022). The BIA also rationally concluded, consistent with its regulations and policies, that reopening was unwarranted because counsel failed to follow up for months after seeking an extension, despite being warned that the brief remained due on the original date "unless [she] receive[d] a Board Notice granting [her] extension request." See Alva-Arellano v. Lynch, 811 F.3d 1064, 1067 (8th Cir. 2016) (reiterating expectation that applicant act with due diligence); see also 8 C.F.R. § 1003.3(c)(1) (2018) (authorizing BIA to set briefing schedule and extend deadlines); BIA Practice Manual Chs. 3.1(b)(vi), 4.7(c)(i)(A), 4.7(c)(ii) (detailing policies for briefing extensions). To the extent Araujo challenges the denial of reopening, we therefore deny her petition.

To the extent Araujo challenges the denial of her underlying application for relief, we dismiss her petition. We lack jurisdiction to review those arguments, including because she did not timely petition for review of the BIA's 2018 order dismissing her appeal. See 8 U.S.C. § 1252(b)(1); Mshihiri v. Holder, 753 F.3d 785, 788-89 (8th Cir. 2014); Raffington v. I.N.S., 340 F.3d 720, 724 (8th Cir. 2003).

Accordingly, the petition for review is dismissed, in part, and denied, in part.

_____