# United States Court of Appeals
### For the Eighth Circuit

———————————————————

No. 22-2599

———————————————————

Kelyn Baquedano-Munguia

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

———————————

Petition for Review of an Order of the
Board of Immigration Appeals

———————————

Submitted: April 12, 2023
Filed: August 8, 2023
[Unpublished]

———————————

Before BENTON, GRASZ, and STRAS, Circuit Judges.

———————————

PER CURIAM.

Kelyn Baquedano-Munguia wants to stay in the country, so she sought asylum and withholding of removal. The Board of Immigration Appeals ruled against her and agreed with the immigration judge that there was no need for a continuance. We deny the petition for review.

To qualify for asylum and withholding of removal, Baquedano-Munguia had to show that she belongs to a "particular" social group that is "distinct within the society in question." *Ngugi v. Lynch*, 826 F.3d 1132, 1137–38 (8th Cir. 2016) (citation omitted); *see* 8 U.S.C. § 1101(a)(42)(A). She claims to be part of two: "Honduran women who have rejected sexual advances by a gang member" and "Honduran women who have failed or refused the demands of a gang member and have filed a complaint with the police about illegal gang activity."[1]

Even assuming these groups are sufficiently particular, they are not socially distinct. *See Rivas v. Sessions*, 899 F.3d 537, 541–42 (8th Cir. 2018) (holding that "targeted gang girlfriends and witnesses to a crime who report it to the police" were not distinct social groups); *see also Rosales-Reyes v. Garland*, 7 F.4th 755, 760 (8th Cir. 2021) (concluding that "Mexican mothers who refuse to work for the Cartel" was not either). The reason is simple: the groups share no unifying characteristics other than the alleged persecution.

Defining social groups in that way does not work. *See De Guevara v. Barr*, 919 F.3d 538, 540 (8th Cir. 2019) ("Persecutory conduct aimed at a social group cannot alone define the group, which must exist independently of the persecution." (citation omitted)); *cf. Malonga v. Mukasey*, 546 F.3d 546, 553–54 (8th Cir. 2008) (holding that an ethnic group *was* distinct because it was "identifiable by accent, dialect, home region, and surname"). And the evidence she presents shows only that she faced the same kind of gang violence everyone does in Honduras. *See Gaitan v. Holder*, 671 F.3d 678, 682 (8th Cir. 2012) (explaining that a social group was not distinct because the petitioner was "no different" from anyone else in the country "that has experienced gang violence" (citation omitted)).

---

[1]She originally proposed several others but has made no mention of them on appeal. *See Chavero-Linares v. Smith*, 782 F.3d 1038, 1040 (8th Cir. 2015) ("Claims not raised in an opening brief are deemed waived." (citation omitted)).

Nor did the immigration judge abuse its discretion when it denied a continuance. *See* 8 C.F.R. §§ 1003.29, 1240.6 (allowing an immigration judge to grant a continuance when "good cause [is] shown"); *see also Choge v. Lynch*, 806 F.3d 438, 441 (8th Cir. 2015). Baquedano-Munguia wanted to gather evidence on her toddler son's developmental delays and investigate the conditions in Honduras, thinking that they might "have an impact on [her] pending claim for asylum or withholding of removal." But those claims failed because her proposed social groups were neither particularized nor socially distinct, not because the immigration judge doubted her son's disability. The absence of "obviously meritorious grounds" for asylum or withholding of removal means there was no abuse of discretion in denying a continuance. *Thimran v. Holder*, 599 F.3d 841, 845 (8th Cir. 2010).

We deny the petition for review and the pending motion to supplement the record.

_____