# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-1634
_____

Elida De Los Angeles Franco-Moreno; Robin Wilfredo Rivera-Franco,

*Petitioners,*

v.

Merrick B. Garland, Attorney General of the United States,

*Respondent.*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: January 12, 2024
Filed: January 18, 2024
[Unpublished]
_____

Before LOKEN, COLLOTON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

This is the second time Salvadoran citizens Elida De Los Angeles Franco-Moreno and her child, Robin Wilfredo Rivera-Franco, are before the court. *See Franco-Moreno v. Garland*, 840 F. App'x 57 (8th Cir. 2021) (*Franco-Moreno I*). In *Franco-Moreno I*, petitioners sought review of an order of the Board of Immigration Appeals, upholding an immigration judge's decision denying their

motion to reopen removal proceedings and rescind an order of removal entered in absentia. The Board determined that petitioners failed to overcome the presumption of service of a Notice of Hearing mailed to the temporary mailing address that petitioners provided the agency upon entry to the United States. A panel of this court concluded that the Board abused its discretion by applying a heightened evidentiary standard and disregarding record evidence. *See id.* at 58.

On remand, the Board again determined that petitioners had failed to overcome the presumption that the notice was properly delivered. The record shows that the Board applied the correct presumption of delivery, and stated that it had considered all relevant evidence. The Board explicitly discussed some of the evidence, and found that the affidavits Franco-Moreno and her sister, Lorena, provided in support of petitioners' motion to reopen and rescind were essentially unconvincing. There was no dispute petitioners were not living at the address provided, and the affidavits failed to explain how frequently Franco-Moreno or Lorena checked for any mail. Lorena's affidavit, moreover, admitted that she did not know who was living at the address, and the record lacked any information about how many individuals resided at the address or had access to the mail there. On this record, the Board gave a rational explanation for its decision. The Board did not depart from its established policies without explanation, rely on impermissible factors or legal error, or ignore or distort record evidence. *See Diaz v. Lynch*, 824 F.3d 758, 760 (8th Cir. 2016).

Accordingly, we deny the petition. *See* 8th Cir. R. 47B.

_____