# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1587

_____

Karla Yoleny Maradiaga-Blandin

*Petitioner*

v.

Pamela Bondi[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 15, 2025
Filed: May 6, 2025
[Unpublished]

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Honduran citizen Karla Yoleny Maradiaga-Blandin petitions for review of an order of the Board of Immigration Appeals (BIA) which dismissed her appeal from

_____

[1]Pamela Bondi has been appointed to serve as Attorney General of the United States and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

the decision of an Immigration Judge (IJ) denying her a continuance to seek relief or protection from removal. We deny the petition in part and grant it in part and remand the case to the BIA for further proceedings consistent with this opinion.

Maradiaga-Blandin entered the United States, per her own reporting, in 2009. In July 2018, the Department of Homeland Security (DHS) charged her with removability because she had not been lawfully admitted to the United States. At an initial hearing on March 11, 2019, the IJ advised those present, including Maradiaga-Blandin, that they had a right to an attorney at no cost to the government, that the IJ may set deadlines for filing applications for relief from removal, and that any applications for asylum must be submitted within one year of entering the United States. The IJ then addressed Maradiaga-Blandin individually and confirmed that she wished to obtain counsel and feared returning to Honduras. The IJ set Maradiaga-Blandin's next hearing for July 18, 2019; provided her a list of legal aid attorneys; gave her a Form I-589 application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT); and informed her, orally and in writing, that she must present the completed application at her next hearing or it would be deemed abandoned.

Maradiaga-Blandin appeared at the July 2019 hearing pro se and conceded her removability. She told the IJ that she had not completed an application for relief because, although she had "looked for an attorney" and "talked to other people," she was informed that "they could not take [her] case." The IJ responded that the attorneys had been "honest" with her, as they would not take her case if she was not eligible for asylum. The IJ then found Maradiaga-Blandin's opportunity to file the application abandoned. In his written decision, the IJ construed Maradiaga-Blandin's representations at the hearing as requesting a continuance to allow her to file an "asylum application," and, having found that she failed to establish good cause for a continuance, denied the motion. The IJ ordered Maradiaga-Blandin removed.

Maradiaga-Blandin appealed to the BIA. The BIA affirmed the IJ's determination that a continuance was not warranted and dismissed Maradiaga-Blandin's administrative appeal. This petition followed.

Initially, to the extent Maradiaga-Blandin intended to raise an independent due process argument, the petition is denied. To establish a due process violation, a noncitizen must demonstrate both a fundamental procedural error and prejudice. See Alva-Arellano v. Lynch, 811 F.3d 1064, 1066 (8th Cir. 2016) (*de novo* review). Maradiaga-Blandin's vague allegation that her due process rights were "severely hampered" by the failure to grant her a continuance is insufficient to establish either a fundamental procedural error or actual prejudice.

Maradiaga-Blandin also challenges the denial of her request for a continuance. See Thimran v. Holder, 599 F.3d 841, 845 (8th Cir. 2010) (abuse of discretion review). An IJ may grant a continuance for "good cause shown." See 8 C.F.R. § 1003.29 (2019); see also Thimran, 599 F.3d at 845. The BIA abuses its discretion "where it gives no rational explanation for is decision; departs from its established policies without explanation; relies on impermissible factors or legal error; or ignores or distorts the record evidence." Diaz v. Lynch, 824 F.3d 758, 760 (8th Cir. 2016).

We have previously found no abuse of discretion with the denial of a request to continue when the petitioner has already been granted multiple continuances. See, e.g., Choge v. Lynch, 806 F.3d 438, 440 (8th Cir. 2015) (three continuances in nineteen months with another ten months between the last continuance and the final hearing); Mogeni v. Holder, 779 F.3d 847, 849 (8th Cir. 2015) (twelve continuances in five years). In this case, only four months elapsed between the time the IJ provided Maradiaga with the Form I-589 application and her subsequent hearing. Maradiaga-Blandin received no continuances.

While there may be no abuse of discretion in denying a continuance here if supported by an adequate explanation, there is no clear indication that the agency

considered whether good cause for a continuance existed for the purpose of applying for withholding of removal or CAT relief. See Caballero-Martinez v. Barr, 920 F.3d 543, 551 (8th Cir. 2019) (BIA's decision must be announced in terms sufficient to enable a reviewing court to "perceive that it has heard and thought and not merely reacted") (citation omitted); see also 8 C.F.R. § 1240.11(c)(1) (if noncitizen expresses fear upon return to home country, IJ "shall" advise noncitizen that she may apply for asylum *or withholding of removal* and make available the appropriate application forms). Maradiaga-Blandin stated at her second hearing that she was advised by consulting attorneys only as to asylum, and the IJ reaffirmed that advice, apparently recognizing that such an application would be untimely. See 8 U.S.C. § 1158(a)(2)(B) (one-year time bar). In justifying its dismissal, the BIA also referenced only asylum, noting Maradiaga-Blandin failed to complete her "asylum" application. We see no recognition of the fact, however, that an application for withholding of removal or CAT relief is not subject to the same limitations period. Malonga v. Mukasey, 546 F.3d 546, 551 n.2 (8th Cir. 2008); De Abarca v. Holder, 757 F.3d 334, 335 n.2 (1st Cir. 2014). Because the BIA's decision is unclear as to whether good cause for a continuance for the purpose of applying for other forms of relief was considered, we conclude that further proceedings are required. See Clifton v. Holder, 598 F.3d 486, 494 (8th Cir. 2010) (noting that, regardless of how the BIA exercises is discretion, "it must provide adequate reasons for doing so, thereby furnishing this court with a meaningful opportunity to review") (citation omitted).

Accordingly, we deny Maradiaga-Blandin's petition for review in part, grant the petition in part, and remand for further proceedings consistent with this opinion.

_____